## WALKER ET ALS. *vs.* FORT ET ALS.

APPEAL FROM THE COURT OF THE THIRD DISTRICT, THE JUDGE OF THE EIGHTH PRESIDING.

3L 535
107 774

Plaintiffs must be understood to claim in that capacity, in which they have a right to claim, on the facts stated.

A stranger, claiming without right to be heir, neither acquires the rights, nor incurs the responsibility of one.

The heir is bound by the warranty of the person, whose inheritance he accepts.

The validity of a sale depends, not on a price being expressed with certainty in the act, but that a price certain, should be agreed on by the parties.

Courts of justice will not require, after a great interval of time, the same exactness of proof, as in recent transactions.

In construing instruments, the intention of the parties, when it can be ascertained, always exercises a powerful influence in the interpretation of the language used, and to ascertain that intention, all parts of the writing must be looked into, and the whole considered.

A minor is not affected by a sale which his co-heir makes, nor in such a case, is his claim barred by prescription.

The facts are fully stated in the opinion of the court, delivered by *Porter, J.*

This is a petitory action. As one of the principal grounds of defence, relied on by defendants, consists of an allegation, that the plaintiffs in their petition, claim as heirs of the vendor of the defendants, and are bound by his warranty, it is necessary to set out the pleadings somewhat at length.

The suit is brought by Joseph Walker, of the parish of Rapides, and Ann Eliza Walker, of Adams county, Mississippi. The petitioners state, that they are the only surviving heirs of Peter Walker, deceased, at Natchez, some years ago. That at his death, he was the legal owner of a certain quantity of land, lying in the parish of West Feliciana, of which the defendants are now in possession.

To this petition, several exceptions were filed, and among others, the following : " That the petition does not contain a clear statement of the object of the demand, nor of the nature of the title, on which the action is founded, in this ; that it does not state, whether the petitioners are heirs by will, or devise, or by regular succession ; that the said petition does not state when Peter Walker died ; that said petition states, that petitioners are the surviving heirs of Peter Walker, without showing who were the other heirs of said Walker, and when and where such other heirs died, and how petitioners became entitled to the interest of such other heirs, in said land."

On this exception being made, the plaintiffs applied for, and obtained leave to amend their petition, and in the amendment so made, averred, " that these petitioners claim title to the land sued for, as the legal forced heirs of Peter Walker, who was their father, and who died at Natchez, some years ago, the precise time not remembered, perhaps in the year 1806 ; that at the time of his death, he had three children living, Joseph, Peter and John, and Ann Eliza, then unborn. That Peter Walker died about the year 1811, without issue lawfully begotten; that John, the other brother, left the United States several years ago, and before the death of the said Peter his brother, and has been reported dead, and is believed so, without issue." The petition goes on and designates the

distinct portions of the land, possessed by the several defen- EASTERN DIST.<br>*April*, 1832.
dants, and concludes with a prayer, that it may be ordered,
adjudged and decreed, that these plaintiffs recover of the WALKER ET AL.<br>*vs.*<br>FORT ET AL.
defendants, the lands described, and their costs. The descrip-
tion given, embraced the whole of the lands, which descended
from Peter Walker to his four heirs.

The defendants claim under a sale made by Peter Walker,
junior, one of those heirs, and the first question in the cause
is, whether under the allegations just set out, the plaintiffs are
to be understood, as claiming a part of the premises, in right
of Peter Walker, junior? And if they do, whether his
warranty does not descend on them, and operate as a bar or
estoppel to their claim, for all other portions of the premises?

In the original petition, the plaintiffs claimed the land as
*surviving* heirs of Peter Walker, deceased, an allegation which,
necessarily, conveyed the idea, they claimed in right of these
heirs, for had there not been other heirs, they would not have
been the survivors, and had not the right of these survivors
decended to them, they could not have legally demanded the
whole of the premises.

The defendants called on them, by an exception, to set out
their right more specially, and particularly to state when and
where the other heirs had died, and how the plaintiffs became
entitled to their share in the land.

To this exception, they answered, by the allegations in
their amended petition, which have been already set out
*verbatim*. The petitioners contend, that the allegations therein
contained, that they claim the land as forced heirs of their
father, excludes the idea, they claim any part of it in right of
their brothers; but immediately following this claim, as forced
heirs, comes the statement, their brothers are dead without
issue, and this is succeeded by a demand for the whole of the
property. We can understand these allegations, in no other
way, but as setting out the different rights in which the
petitioners demand the whole premises. We think, they so
understood it themselves, for they cannot be presumed to have
specially set out these facts, in order to destroy their claim,
and we take it to be undeniable, that plaintiffs must be under-

Plaintiffs must be understood to claim in that capacity, in which they have a right to claim, on the facts stated.

stood to claim in that capacity, in which they have a right to claim, on the facts stated.

But the effect of such a demand, we think different on the two plaintiffs, one of them, Joseph Walker, was full brother to Peter Walker, deceased, and on his death, became his heir. The other was a sister of the half blood, and did not, or could not, become his heir, by any act on her part. A stranger claiming without right to be heir, neither acquires the right, nor incurs the responsibility of one. Consequently, she is not bound by the warranty of one, from whom she did not inherit.

*A stranger claiming without right to be heir, neither acquires the rights, nor incurs the responsibility of one.*

We therefore, conclude, that Joseph Walker, is bound by the warranty of his brother, whose inheritance he accepted, by claiming part of the premises in question, under and through him, and that the other plaintiff, his half sister, is not.

*The heir is bound by the warranty of the person whose inheritance he accepts.*

But the plaintiffs contend, the deceased brother was not bound in warranty. The objection assumes, for its support, two grounds; first, that no price is expressed in the conveyance, and second, that the agreement was not a sale, but a promise to sell. In support of the first position, we have been referred to 5 *Partidas, tit.* 5, *law* 9. In the summary, prefixed to this law, it is said, "that the price should be expressed, with certainty, in the sale," but in the enacting part of it, no such provision is found, on the contrary, the validity of the sale is made to depend, not on a price being expressed with certainty in the act, but that a price certain, should be agreed on by the parties.

*The validity of a sale depends, not on a price being expressed with certainty in the act, but that a price certain should be agreed on by the parties.*

Direct evidence has not been produced, that such a price was fixed. It is not surprising, after a lapse of twenty-six years, that it cannot be found. But the testimony adduced, leaves no doubt on our minds, the price was agreed on. Courts of justice, cannot expect, and ought not to require, after such a great inverval of time, the same exactness of proof, as in recent transactions: and parties have no right to complain, if presumptions are indulged against them, when they refrain from enforcing their claim, until long after the parties who contracted, and those who witnessed the contract, are dead.

EASTERN DIST.
*April*, 1832.

WALKER ET AL.
*vs.*
FORT ET AL.

The contract, entered into, is said not to be a sale, but a promise to sell. A correct understanding of the weight due to this objection, requires part of the instrument to be set out. It commences with these words: "Know all men, by these presents, That I, Peter Walker, one of the heirs of the late Peter Walker, Esq. and agent and attorney in fact for the other heirs, and the administrator of said Peter Walker, Esq. do, by these presents, bind myself, and as agent and attorney aforesaid, to alien, convey, and confirm, to Frederick Fort," &c.

There follows a description of one of the tracts of land, and the instrument contains the following clause: "I do, likewise, bind and oblige myself to *convey* unto Elijah Adams the remainder of said tract, as also a tract of three hundred arpents." After describing this part of the property, he adds, "which tracts I will convey, at any time, when properly called on."

After promises of warranty, the act declares, that as the persons to whom the conveyances are to be made, may have doubts as to the quantity of land contained in said grants, "I do hereby engage, in convenient time, to have the first tract, *sold* to the said Frederick, surveyed, &c."

We have already stated, the evidence satisfies us a price was agreed on, and we now add, it also establishes the fact, that on the day this conveyance was executed, notes and obligations of the purchaser were given, in consideration of the price. In construing instruments, the intention of the parties, when it can be ascertained, always exercises a powerful influence in the interpretation of the language used, and to ascertain that intention, all parts of the writing must be looked into, and the whole considered. The agreement is awkwardly worded, but that the parties contemplated it to be a sale, we have little doubt. No other conclusion gives effect to all parts of the act. The vendor promises that he will have a survey made of the lands *sold*, a declaration, totally inconsistent with the idea urged, that they were hereafter to be sold. The other clauses in the contract do not

*In construing instruments, the intention of the parties, when it can be ascertained, always exercises a powerful influence in the interpretation of the language used, and to ascertain that intention, all parts of the writing must be looked into and the whole considered.*

WALKER ET AL.
*vs.*
FORT ET AL.

A minor is not
affected by a sale
which his co-
heir makes—nor
in such a case is
his claim barred
by prescription.

contradict this assertion. They do not promise to sell, but to alien, convey and confirm, that is, to make a regular conveyance, in due form, when called on. It is evident, the parties considered it a sale, and contemplated the making another and final act, in due form, when the exact quantity embraced by the titles could be ascertained.

As it respects the plaintiff, Ann Eliza Walker, she is not affected by the warranty, nor barred by prescription. She was a minor when her brother sold these premises, and it has not been pretended, his sale or that of the administrator binds her. She must, therefore, receive that portion of the premises, which she inherited from her father. It is admitted, she is entitled to an equal portion with her brothers of the half blood, in the tract of one thousand arpents, which her father acquired by donation; but it is contended, she only inherits one-eighth of the three hundred arpents, bought of De Witt, as that was bought during the first marriage. The evidence does not support this objection. The land was purchased in 1798, and the first marriage was dissolved, by the death of the wife, in the years 1793 or 1794.

We have been pressed to give a final decision in the cause, and we have felt the desire to do so, but find it impossible to carry that desire into effect. The plaintiff recovers only one undivided fourth of the premises. Preliminary to an inquiry into the rents and profits, and the value of the improvements, it is necessary to ascertain what part of the premises will be taken by the plaintiff, how much of the cleared land she will obtain, and what portion of the buildings and improvements will be embraced in the share belonging to her. These facts cannot be ascertained, without further proceedings in the District Court.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court, so far as it respects Joseph Walker, be confirmed, and so far as it respects Ann Eliza Walker, that it be annulled and reversed: And it is further ordered and decreed, that the said Ann Eliza Walker do

recover of the defendants the one-fourth part of the premises, claimed in the petition, according to the respective portions held by several defendants; one-half the costs in both courts to be paid by Joseph Walker, and the other half by the defendants.