Bullard, J.
delivered the opinion of the court.
In this case the plaintiff’s counsel has asked for a rehearing, and has urged several arguments in support of it. We have kept the case under advisement a long time, and maturely considered the arguments adduced, and now proceed to state the reasons why we think the application should be overruled.
The counsel for the plaintiff does not controvert the general principles laid down by the court, as applicable to cases such as this was supposed to be, but he does not admit that the exception set up by the counsel for the defendant, is such a peremptory exception as may be pleaded in this court. We think this difficulty may be easily disposed of. The exception certainly suggests to the court that the contracts between Gravier and the Oarrabys were “illegal, immoral and contrary to public policy.” If that be true, this court is bound to notice it without any plea, as was done in the case of Mulhollan v. Voorhies, 3 Mart. N. S. 46; and consequently it is useless to inquire whether the exception be such as the party has a right to plead in this court, according to the Oode of Practice.
Two supposed errors in matters of fact are pointed out in the opinion of the court. The first in that part in which it it is said, that “ it is not denied that the pretended sale, &c., was for the double purpose of protecting the property against the pursuits of his creditors, and of securing the reimbursement of certain loans of money and other advances with usurious interest.” The counsel treats this as if we took it as an admission on his part; such was not the meaning of the court, unless the allegations in the petition may be regarded as his admissions. On the contrary he demonstrated to us clearly that the contracts were not really sales, but intended to secure loans on usurious interest, and it is also shown that attempts were made on the part [143] of judgment creditors to make that property liable, but failed except as it relates to some land in Attakapas. The deputy shoriff at that time, Holland, testified that there were numerous executions against Gravier in his hands ; that a part of the property was actually seized, but released by order of Mr. Moreau, the plaintiff’s attorney, on the exhibition of the act of sale to the Oarrabys. The contract therefore admitted to be simulated was used to baffle the pursuits of creditors. The Oarrabys still insisted on their right as apparent on the public act, instead of permitting the residuary interest of Gravier, according to the counter letters, to be sold. The parties appear to have understood each other.
The counsel further complains that the final agreement of the parties was not correctly stated by the court. We said that it appeared the property was to be sold by the Oarrabys as theirs, “ and tho price accounted for to Gravier over and above their advances in preference to judgment creditors.” It is true that the judgment or rather the letter of Gravier does not expressly state this preference; but the very object of this suit is to compel the representatives of the Oarrabys to account for the balance after paying what was really due to them,'long after the judgment creditors had boon successfully resisted under color of these simulated contracts. The inference that tho par *90 ties intended that Gravier should receive the surplus in preference to other creditors, does not appear to us illogical.
Admitting therefore that all the allegations in the petition are not supported hy the evidence, and that the case is to he decided according to the probata, and not the allegata, yet enough, is shown by the evidence to satisfy us that the contracts and agreements were of a character reprobated by law, and out of which no action can arise.
The rehearing is therefore refused.