## JAMES SMITH *v.* BRICE ELLIOT.

Plaintiff and his brother were joint owners of an undivided tract of land. The latter having made an informal donation *mortis causa* to his wife, of one half of his share, plaintiff entered into a formal partition with the widow, who sold her portion to defendant. After her death, plaintiff, as one of her heirs, received part of the price which defendant had paid for the land. In an action by plaintiff to recover the part sold to defendant: *Held*, that by accepting as heir, or co-heir, his share of the estate of defendant's vendor, plaintiff bound himself to warrant defendant's title; that the obligation is an indivisible one, so far as it repels a co-heir seeking to disturb the title of the defendant; that plaintiff cannot insist upon the error of law by which he gave effect to an informal and void donation; and that his acts have made defendant's title as valid as if he were, himself, the vendor.

APPEAL from the District Court of St. Mary, *Boyce*, J.

*Maskell* and *I. E. Morse*, for the appellant.

*T. H.* and *W. B. Lewis*, for the defendant.

BULLARD, J. The plaintiff represents that his father, David Smith, was the owner of a tract of land, having a front of thirteen *arpens* and three-fourths on both sides of the Bayou Teche. That he died intestate, leaving the petitioner and his brother, David Smith, sole heirs at law; and that his brother afterwards died without forced heirs, and that he inherited his estate. He represents that the defendant has entered upon and taken into possession a part of said land; and the present action was brought to evict him, and to make good the plaintiff's alleged title.

The defendant answers that he is the *bona fide* owner and possessor of the tract of land having a front of three and a fourth *arpens*, which he acquired by purchase from Matilda Smith, the widow of David Smith, deceased, who had a valid title to the same.

He further avers, that the plaintiff has fully recognized this title and that of his vendor, in certain written instruments signed by him, and is thereby precluded from disputing said title.

He further avers that the plaintiff is one of the heirs of Matilda Smith, his vendor, and in that capacity has received his portion of the estate, and particularly of the price paid by the defendant for the tract of land.

There was judgment against the plaintiff, and he has appealed.

The evidence shows, that David Smith, the plaintiff's brother and the husband of Matilda Smith, the defendant's vendor, being the owner of one-half of the tract formerly owned by his father, and which he inherited concurrently with the plaintiff, made an informal donation *mortis causa* to his wife, Matilda, of one-half of his share, or 3 1-4 *arpens*. That after the death of David Smith, the present plaintiff entered into a formal partition with the widow, and that the share which fell to her was sold to Brice Elliot, the defendant. That after her death the plaintiff appeared as one of her heirs, and received a part of the price which the defendant paid for the land.

Under these circumstances it is clear the plaintiff is bound to warrant the title of the defendant derived from Matilda Smith, whose heir he is. The obligation not to disturb, and even to maintain the purchaser in the quiet enjoyment of the thing sold, is one to which the plaintiff succeeded on accepting the estate of the vendor as heir or co-heir. It is an indivisible obligation so far as it repels the co-heir who seeks to disturb the title of the purchaser. It forms, technically speaking, the exception of warranty of the civil law. "Cette exception de garantie, (says Pothier,) a lieu pareillement contre les héritiers du vendeur, quoiqu'ils soient propriétaires de leur chef; car ils succèdent à cette obligation de garantie comme à tous les autres droits et obligations du défunt. C'est pourquoi, si celui qui est le vrai propriétaire de la chose qui m'a été vendue par celui à qui elle n'appartenait pas, ou qui a quelque hypothèque ou quelque autre droit sur cette chose, devient par la suite héritier de celui qui me l'a vendue, il ne sera plus recevable à former contre moi aucune action de revendication, ni aucune action hypothécaire

ou autre action de me faire délaisser l'heritage, pour raison de laquelle j'eusse pu avoir recours de garantie contre mon vendeur; car, étant devenu lui même héritier de mon vendeur, et, en cette qualité, tenu du recours de garantie que j'ai droit d'exercer, il ne peut pas intenter de son chef des actions contre moi, qu'il est obligé de faire cesser en sa qualité d'héritier, suivant la règle ci-dessus alléguée : "*Quem de evictione tenet actio, eum agentem repellit exceptio.*" Pothier, Contr. de Vente, No. 168.

It is in vain, therefore, that the plaintiff insists upon the error of law in the partition, by which he gave effect to a donation which was informal and void. Instead of proceeding to obtain the rescission of that act as made in error, he suffers the donee to enjoy the property, and after her death comes forward as one of her heirs and receives a part of the price for which it had been sold. His acts have made the title of the defendant as valid, as if he were himself the vendor.

*Judgment affirmed.*