## MARY JANE McQUEEN *v.* WM. SANDEL.

Where the averments in a petition amount to an acceptance of a succession, the plaintiff is estopped from contesting a valid title derived from the person to whom he succeeds; he is the warrantor of the title.

Parol evidence is admissible to prove the contents of an instrument of partition, after the opposite party has been served with notice to produce the missing document, if in his possession, and after the loss of it has been advertised in a newspaper and an affidavit made by the party offering to introduce it, that he has not been able to find the document after diligent search.

In an action brought by a child to recover property which has been sold by his father, before he can be allowed to prove that his father has defrauded him of his *légitime* by simulated sales of his property, simulation must be alleged in the petition, and the simple allegation that defendant knowingly and tortiously detains from plaintiff, without any legal right, lands which plaintiff has inherited from his father, will not be sufficient.

A child and heir of a party to a simulated sale is, only exceptionally and in a limited sense, entitled to assume the position of a third person in relation to it. His action, to be relieved from it, must be declaratory of the simulation.

APPEAL from the District Court of the Parish of East Feliciana, *Ratliff*, J. *D. C. Hardee* and *Bowman & Delee*, for appellant. *Hardesty* and *Kernan & Hudson*, for defendant.

BUCHANAN, J. This is a petitory action instituted by plaintiff, as sole heir of her father *Murdock McQueen*, and of her aunt, *Flora McQueen*.

Defendant holds an undivided half of the land claimed by a sale dated 2d May, 1831, from plaintiff's father. As the averments of the petition amount to an acceptance of the succession of her father, plaintiff is estopped from contesting a valid title derived from her father. On the contrary, she is in law the warrantor of that title. *Carraby* v. *Gravier*, 17 La. 132.

To escape this dilemma, the counsel of plaintiff urge her claim upon a title not set up in her petition, to-wit, as heir of her grandfather, *Donald McQueen*. But she could not have inherited from her grandfather, who died before her birth, leaving two children him surviving, to-wit, the father and aunt of plaintiff.

The *locus in quo* was possessed by *Donald McQueen* and his descendants from 1804 until 1831, when plaintiff's father conveyed it to defendant's vendor. If, in point of fact, the title of the United States to this land was never divested until the Act of Congress of 1846, (a point not necessary to examine) ; when it *was* so divested in favor of the heirs of *Donald McQueen*, the title which then vested in the latter enured to the benefit of those to whom the grantees had previously conveyed it.    14 An. 199.

We have seen that the proof of the alienation by *Murdock McQueen* is direct. The deed of conveyance from *Murdock* to *Coulter* and *Fair*, of the 2d of May, 1831, embraces (among a variety of other property) the right, title and interest of the grantor in two tracts of land, described in certificates Nos. 207 and 208 of the Register and Receiver of the Land Office in St. Helena. That right, title and interest appears, from the evidence in this cause, to have been one undivided moiety of each tract, the other undivided moiety being at the date of said conveyance vested in *Flora McQueen*, the co-heir with the grantor, of their father, *Donald McQueen*.

On the 3d of May, 1833, *Flora McQueen* sold to *John L. Lobdell*, the whole tract of land described in the certificate No. 208 above mentioned. In the deed of sale, the vendor declares that the tract of land thus sold " was allotted to her in a partition between said *Flora McQueen, James Fair* and *James H. Coulter*, known in said amicable partition as lot No. 1, claimed by the heirs of *Donald McQueen* in virtue of certificate No. 208, dated August 31st, 1828, and signed by *Samuel G. Reynolds*, Register, and *William Kinchen*, Receiver, the said certificate having been acquired by purchase from *Wm. Brandon*, who appears from the certificate to have been the original settler, beginning at *Alexander Scott's* corner, &c."

It appears from this instrument, that in May, 1833, *Flora McQueen* disposed, as of a thing to her appertaining in entirety, of the tract of land contained in certificate 208 ; although, two years previously, her brother and co-heir had disposed of the undivided half of the same tract of land to *Coulter & Fair*. Hence the apparent necessity of her enunciation, in the deed of conveyance to *Lobdell*, of the title by which she had acquired the right, title and interest of her brother and of his vendees, *Coulter & Fair*, in the land sold, to-wit, a partition made amicably between herself and the said *Coulter & Fair*. Miss *Flora McQueen* describes herself in the deed to *Lobdell*, as of full age ; consequently, the partition could have been made, as declared by her, without authority of justice.

Now, the tracts of land severally described in certificates 207 and 208 are of the same extent, six hundred and forty acres, and adjoin each other ; and as the loss of the instrument of partition declared by *Flora McQueen* is satisfactorily and legally proved, it might perhaps have been inferred, without further proof, that in the partition in kind of the two tracts, by which the tract 208 had been allotted in entire to *Flora McQueen*, the tract 207 had also been allotted in entire to the other co-partner, *Coulter & Fair*. But this matter does not rest upon inference. After serving plaintiff with notice to produce the missing document, if in her possession ; after advertising the same in a newspaper ; and after affidavit made by defendant, that he had not been able to find the said document, after dili-

MCQUEEN
*v.*
SANDEL.

gent search; the testimony of *John L. Lobdell*, the purchaser from *Flora McQueen* of the tract No. 208, was taken to prove the contents of the said instrument of partition. A bill of exceptions was reserved by the counsel of plaintiff to the admissibility of *Mr. Lobdell's* testimony; but we are of opinion, that the District Judge did not err in admitting the same. The defendant had laid a proper basis for the admission of parol proof of the contents of the lost or missing document.

The testimony of *Mr. Lobdell* is positive, that the partition spoken of in the deed from *Flora McDonald* to witness, was produced before the Notary and parties; and that said partition embraced the tract contained in certificate No. 207 (which is claimed in this suit), as well as that contained in certificate No. 208; both of those certificates being held previously, in indivision, by the heirs of *Donald McQueen.* This testimony is corroborated by the fact that *Flora McQueen* lived for seven years after this sale to *Lobdell,* and that she never made any claim to the land held by defendant and his vendors. Neither does it appear that *Coulter & Fair,* or either of them, ever asserted any claim to the land certificated No. 208, under the conveyance from *Murdock McQueen* to them of his interest in said certificate. We conclude that the title of *Flora McQueen* in the land claimed herein, is legally vested in defendant.

There are eleven bills of exception to rulings of the court upon questions of evidence, in this record, all taken by plaintiff. On examination, we concur with the District Judge in all of those rulings. None of the bills of exception require any further remarks at our hands, except those which refer to the rejection of evidence offered by plaintiff to prove simulation in the conveyance from her father to *Coulter & Fair.* It is unnecessary for us to decide whether the plaintiff has brought herself within the rule which permits a child to plead and prove simulation of the contracts of its parent, to the prejudice of its rights as forced heir. The reason given by the District Judge for rejecting the evidence is amply sufficient, to-wit, that the plaintiff has not pleaded simulation of her father's contract. She simply ignores that contract, by allegations that defendant knowingly and tortiously detains from plaintiff, without any legal right, land which plaintiff has inherited from her father and aunt, deceased.

This is not a sufficient allegation upon which to let in proof that plaintiff's father has defrauded her of her *légitime,* by simulated sales of his property. It may be that a simulated sale produces no effect against third persons. But a child and heir of a party to such an apparent sale is only exceptionally, and in a restricted sense, entitled to assume the position of a third party in relation to it. His action, to be relieved from it, must be declaratory of the simulation. Otherwise, he recovers upon grounds not alleged, and even inconsistent with those which are alleged; which would be a surprise upon his adversary, the more especially to be avoided when, as in the present case, there is no pretence that the defendant was a party to the simulation and fraud.

It is, therefore, adjudged and decreed, that the judgment of the District Court upon the verdict of the jury, be avoided and reversed; and it is further decreed, that there be judgment against plaintiff, and in favor of defendant, with costs in both courts.

MERRICK, C. J., recused himself, having been professionally consulted in the cause.