Idskey, J.
This is an appeal from a judgment in favor of tho plaintiff against the defendant, for the sum of five hundred dollars in coin, with interest and costs. The obligation upon which the action was based is transcribed below, as follows:
“Shreveport, November 29bh, 1862.”
“Due Thomas Armstrong, or his heirs, five hundred dollars in coin, at the conclusion of peace between the Confederates and the United States of America, or at the termination of said Armstrong’s term of service, should said Armstrong remain in the army as a substitute for the undersigned, A. J. Stacey. Should the said Armstrong not remain in the above written service, then this note to be null and void.” .■ . ,
The defence set up was that the obligation sued on was contrary to law, and that if the same was lawful that the obligee had failed to perform his part of the contract. A voluntary engagement to aid a rebellion against the United States, which it is evident from the testimony the defendant’s engagement was an undertaking illegal and immoral, and no action lies upon such a contract.
This Court said in Schmidt v. Barkei-, 17 An. 264, what we now again repeat: “This Court will not lend its aid to settle disputes relative to contracts reprobated by law.
‘ ‘It will notice their illegality ex officio, and allow it without any plea at any stage of the proceedings.
“Parties cannot be heard, who ask relief from a violation of law.
“Tho Court leaves the parties where their conduct has placed them,, and in pari culpa melior est conditio possidentis. ” See also Davis v. Holbrook, 1 An. 178; State v. Lazaree, 17 La. 132.
It is therefore ordered, adjudged and decreed, that tho plaintiff’s suit he dismissed at his costs, in both courts.