Gusman *vs.* Berryman.

## No. 6597.

### A. L. GUSMAN *vs.* SUSAN BERRYMAN.

A judgment that is *res adjudicata* as to the plaintiff's father and author, is so *a fortiori* as to the plaintiff himself, he being an unconditional heir holding under his father, and having acquired the rights of his co-heirs, who, like him, had only their father's title.

The plaintiff and his co-heirs are not third persons, nor is the community between the plaintiff and his wife a third person *quoad* the plaintiff, who is the head and master of the community. A title good without registry as to the head of the community is likewise good as to the community.

APPEAL from the District Court for East Baton Rouge.    DEWING, J.

*Greves* for Plaintiff Appellant.    *Avery* for Defendant.

The plaintiff sued to recover certain town property in Baton Rouge. The defendant claimed title from Mrs. T. Gusman, the mother of plaintiff, through mesne conveyances. Mrs. Gusman had been in unequivocal open possession for nearly twenty years, under certain proceedings for separation from bed and board, divorce and division of property, completed in 1851.

The plaintiff bought at a sale made in 1874, of the property of his father's estate, provoked by a suit in partition between him and his co-heirs, the price being forty dollars, which he retained in his hands, and the thing purchased being "the title of Gabriel Gusman (the father) in and to" the property in question.

EGAN, J., delivered the opinion affirming the judgment and a rehearing was granted.    On rehearing,

WHITE, J. The decree of separation conveyed the title of Gabriel Gusman to his wife. That judgment is *res adjudicata* as to the father, and *a fortiori* so as to his son and heir the plaintiff, and his co-heirs whose rights he acquired under the partition sale. Could he be successful in ousting his mother, he and his co-heirs would be her warrantors, and hence the doctrine *quem de evictione tenet actio eundem agentem repellet exceptio* is fatal to his pretensions. He claims that he has a new title. Grant it. His new title comes from his co-heirs, and he cannot undo as an *actor* that which he would be

compelled to make good as a warrantor. Even did he and his co-heirs, and he through them, have a title emanating from a different source than their father, they could not be heard under such circumstances to destroy the very right they are bound to maintain. Smith *v.* Elliot, 9 Rob. 3 ; Blanchard *v.* Allain, 5 Ann. 367. He insists that being in community with his wife, his purchase at the partition sale was for the account of that community which not being a warrantor can be heard to attack the defendant's title. He is the head of the community and binds it by his acts. Were defendant to be defeated, her judgment in warranty against the plaintiff would be good against the community and would be collectible from it. This fact makes obvious the fallacy by which it is sought to make the community to acquire through its head and master, and yet relieve it from the obligations necessarily resulting from an assertion by the head of the community of the title so acquired. The father of the plaintiff died only in 1873, and although his wife many years openly and unequivocally possessed the property in controversy, he made no assertion of title. It was reserved for his heir holding under him to claim after his death from the mother property which is hers by a decree binding upon the father and upon him.

The plaintiff and his co-heirs are not third persons, nor is the community between the plaintiff and his wife a third person *quoad* the plaintiff himself, the head and master of the community. A title good without registry as to the head of the community is likewise good as to the community.

*Former decree maintained.*