Statement of the Case.
NICHOLLS, J.
On the 11th of March, 1871, Gaspard Schreiber, the father of Peter Gardere Schreiber, Pauline Schreiber, Mary Schreiber, Mary Elizabeth Schreiber, John Schreiber, Louisiana Schreiber, and Louis Edward Schreiber, issue of his marriage with Marie Jeris Bonami, purchased for his said children, then minors, from Mrs. Mary Helen Grillen, by act before Eusebe Bouny, notary public for the parish of Orleans, two lots of ground in the city of New Orleans, together with the buildings and improvements thereon, situated in the faubourg St. Joseph, formerly in the city and parish of Jefferson, then in the Sixth District of New Orleans, in the square bounded by Camp, Peniston, Chestnut, and Gen. Taylor streets. The act of purchase showed that the property was acquired with funds donated to his said children.
*218 On March 22, 1880, Peter Gardere Schreiber filed a petition, reciting that he and four others were co-proprietors of said property; that it was not susceptible of division in kind; that a sale of the property was necessary to effect a partition of the same desired by himself; that the father of all of said co-proprietors was dead, and, as he left no property, his succession had not been opened, and no tutor had been appointed to represent the said minors; that it was necessary that an appraisement of the said property be made, and that a notary public should be authorized to make a partition of the price of said real estate among the co-proprietors; that a tutor should be appointed to represent the four minors. He prayed that his mother, Mrs. M. J. Schreiber, mother and natural tutrix of the minors Mary Schreiber, John Schreiber, Louisiana Schreiber, and Louis E. Schreiber, be appointed tutrix in their behalf, to represent the interest of said minors; that said tutrix and Mary Elizabeth Schreiber, wife of E. J. Dorsey, and Pauline Schreiber, wife of Martin Milhas (said husbands therein joined to authorize their said wives), be duly cited to answer the proceedings; that Ernest Commagere, notary public, be designated, before whom the acts necessary to effect the desired partition should be passed; that Messrs. H. E. Arbo and A. Grebert be appointed to appraise said property; that the property be sold, pursuant to law, after due proceedings had in the premises, and the proceeds thereof partitioned among said proprietors according to their respective shares; and for all such further orders as might be legal and necessary in the premises.
On March 22d the court ordered that Mrs. Mary Schreiber, natural tutrix of said minors, be appointed tutrix to represent said minors in that proceeding; that Ernest Commagere, notary public, be authorized to perform necessary acts in the premises; and that Henry E. Arbo and A. Grebert be appointed appraisers.
On March 24th a citation issued, addressed to Mrs. M. J. Schreiber, natural tutrix of the four minors (naming them). Service of this citation, with accompanying petition, was made, as shown by sheriff’s return, on Mrs. M. J. Schreiber, natural tutrix, on the 25th of March.
On the 26th of April, Mrs. M. J. Schreiber appeared before the deputy clerk of court and took an oath to discharge her duties under the appointment made by the court; the act reciting that she was natural tutrix, and appointed tutrix by the court to represent the four minors in the case. This oath was signed by her with her mark, but is verified by the deputy clerk as having been sworn to and subscribed before him.
On April 22d a notice was made out in the suit, directed to Mrs. M. J. Schreiber, natural tutrix of the minors Mary Schreiber, John Schreiber, Louisiana Schreiber, and Louis E. Schreiber, notifying her that judgment had been rendered in the case against the defendants. On May 5th Mrs. Mary J. Schreiber, as tutrix, signed an acceptance of service of this notice.
On the 22d of April the district court rendered a judgment, which was signed on the 3d of May, decreeing that a partition be made of the property (describing it) by lieitation and sale, and that it be sold to the highest bidder; that the parties be referred to Ernest Commagere, notary public, to complete the partition. On the 26th of June the property was sold to Charles Weiss for $1,880 cash. It had been appraised for $1,-500.
On the 10th of July, 1880, Peter Gardere Schreiber, Pauline Schreiber, wife of Martin Milhos (and her husband to assist her), Mary Elizabeth Schreiber, wife "of Frank J. Dorsey (and her husband to assist her), and Mary J. Schreiber, declaring that she appeared and acted in her capacity as natural tutrix of the minors, Mary Schreiber, John Schreiber, Louisiana Schreiber, and Louis E. *219 Schreiber, and confirmed as such in conformity with a judgment dated March 22, 1880, appeared before Ernest Commagere, notary public, in order to effect a partition of the proceeds of the sale of the property. After reciting in the act then passed the fact of the ownership of the property among the seven co-proprietors, and its sale under said order of court to Charles Weiss for $1,880, the notary proceeded to make a partition of the proceeds. He established the liabilities of the parties to be $553.82, deducting that amount from $1,880. He divided the balance into seven parts, of $185.16 each, as due to each of the co-proprietors. Each of said co-proprietors received his portion, Mrs. M. J. Schreiber receiving the amount due to the four minors. These same parties had already on the same day executed a notarial act of sale, under full warranty, to Charles Weiss, the purchaser.
On the 10th of July, 1880, the notary public executed a certificate in which he declared that by an act passed before him on the 10th of July, 1880, purporting to be an act of partition between Peter G. Schreiber, Pauline Schreiber (of age), Mary E. Schreiber (of age), Mary Schreiber, John Schreiber, Louisiana Schreiber, and Louis Edward Schreiber, the sum of $740,673/?, making of each minor $185,163/?, and that she was responsible to the said minors in that amount, wherefore the recorder of mortgages was requested to record the certificate as a legal mortgage against said tutrix in favor of her said four minor children. This certificate was recorded on July 12, 1880.
On August 25, 1880, George Welman sold, for the price of $500 cash, to the minors Mary Schreiber, John Schreiber, Louisiana Schreiber, and Louis Edward Schreiber, by act before Ernest Commagere, notary public, certain described property in the Sixth District of New Orleans; the minors being represented in the act of sale by their mother, the widow of Gaspard Schreiber, acting as their tutrix; the act of purchase declaring that the funds with which the property was purchased were from funds received by her in the partition made on the 16th of July before the notary. On the 18th of May, 1886, John Schreiber and Louisiana Schreiber, assisted' by her husband, George J. Roth, brought suit against Mary L. Schreiber, wife of Alfred J. Dolhonde, assisted by her husband and Louis Edward Schreiber, a minor, asking for a partition of the property which had been purchased by then mother in their names with part of the proceeds which had been received by her in the first partition suit which has been referred to. The parties to this second partition suit, John Schreiber, Louisiana Schreiber, Mary Schreiber, and Louis Edward Schreiber, were the four minors on whose behalf their mother had acted as tutrix in the first partition suit. Mary L. Schreiber, made one of the party defendants, in answer to this demand for a partition, averred her willingness to have this property partitioned, and for a private sale on the terms proposed on behalf of the minor Louis Edward Schreiber.
In the petition of the plaintiffs in this second partition suit, they averred that the minor Louis Edward Schreiber was without a tutor, and they suggested that their mother be appointed his special tutor, and cited in said capacity, and as his mother and natural tutrix; also that a special undertutor ad hoc be appointed to assist the said special tutor.
On the 28th of May, 1886. the court ordered, upon this application, that the mother. Marie Schreiber, be appointed and sworn as special tutor of the minor Louis Edward Schreiber.
On May 1st Mrs. Schreiber took an oath to perform her duties as natural tutrix and special tutor of Louis Edward Schreiber. On June 1st she filed a petition, representing herself to be the mother and natural tutrix and special tutor appointed by the court, *220 in -which she stated that she had been served with process in 'the partition suit against the minor, and that the prayer thereof had to be granted, as she knew no reason why it should not; that under the circumstances a private sale should be made, as the property was of small value, and which would be exhausted by judicial expenses. She prayed for a family meeting to deliberate on the interest of the minor in the premises, and that the special undertutor ad hoe be ordered to attend.
The family meeting convened, and recommended a private sale of the property. The undertutor ad hoc concurred in the recommendation, and later the proceedings were homologated on the petition of the mother, appearing as special tutor ad hoc, and on .Tune 21, 1886, the sale was ordered to be made, and the partition effected. Under these proceedings a sale of the property was made to Edward Dillard, and an act of sale executed in his favor, under full warranty. This act was signed by John Schreiber, Lizzie Roth, George F. Roth, Mary L. Dolhonde, Alfred J. Dolhonde, and Mary Schreiber, as natural tutrix. On September 18, 1891, on application of Charles Weiss, the district court for the parish of Orleans confirmed, through a monition, the sale made to him on the-day of ■ — :-.
On the 22d day of August, 1895, Charles Weiss sold the property which he had bought to E. R. Chevally for $3,250.
On the 30th of November, 1903, the widow and heirs of E. R. Chevalley brought suit against William F. Pettit, alleging that on the 17th of July, 1902, Strousback & Stern, auctioneers, sold for their account to him the property sold by Charles Weiss to E. R. Chevalley; that, notwithstanding amicable demand, Pettit refused to comply with the sale and pay the price. They prayed that he be cited and decreed to do so. Defendant answered, and, after pleading the general denial, justified his refusal on the ground that the title to the property was not only cloudy, but bad and involved.
He assigned specially as objections that Peter Gardere Schreiber, Pauline Schreiber, Mary Schreiber, Mary Elizabeth Schreiber, John Schreiber, Louisiana Schreiber, and Louis Edward Schreiber became, while they were minors, the owners of the property; that Peter Gardere Schreiber, after some of the said minors had become of age, and some of them had married, brought suit for the partition of the property against Pauline Schreiber, wife of Martin Milhas, Mary Elizabeth Schreiber, wife of E. T. Dorsey, and the four minors, Mary, John, Elizabeth, and Louis Edward Schreiber; that the proceedings and judgments in said partition suit were wholly illegal, null, and void, for the reason that said four minors were not cited in said suit, because they were without a tutor or tutrix, their father being dead, and their mother, Mrs. M. J. Schreiber, never having been appointed, and never having taken the oath, qualified, or received letters, as their tutrix, and the order of said court appointing her tutrix to represent them in said proceeding being illegal, null, and void, she being incompetent to so represent them on account of her sex, and being incompetent to so represent them even if said order were legal, because, if she ever took ■oath under said order, she did not do so until after citation was served on her, and after default was taken, and after said judgment was rendered, and the only oath in said record purporting to be hers purports to be signed with her mark, although she could write and sign her name, and did write and sign her name in accepting service of said judgment; that there was no family meeting, nor qualified tutor or tutrix, nor undertutor, for said four minors, and said court did not swear the appraisers or experts, who were sworn only by a notary public; that said Pauline Schreiber, wife of Martin Milhas, and said Mary Elizabeth *221 Schreiber, wife of E. J. Dorsey, were not legally in said suit, because their husbands did not authorize them therein, and were not cited, and because the citations served on said wives were addressed only to them, and the notices of said judgment issued as to them were addressed only to said wives, who accepted service of said notices without the authorization of their husbands, and said wives were not authorized by said court in said suit; that the public adjudication of said property to the said Charles Weiss made under said judgment, and the act of sale of said property to him following said adjudication, were and are illegal, null, and void, and said four minors were not legally represented therein by their mother, said Mrs. M. J. Schreiber, who had not been appointed, and who had not taken oath nor received letters, and was not qualified as their tutrix, “said act of sale having been passed before E. Commagere, notary public, on July 10, 1880, and a copy thereof being hereto annexed, as part hereof.”
And further answering, said defendant said that said seven persons, and particularly said four minors, were never legally divested of said property, and the survivors of said seven persons, and the children and heirs of those who are dead, are setting up claims to said property, and should be made parties and cited herein.
That said Peter Gardere Schreiber, said Mary Elizabeth Schreiber, widow of F. J. Dorsey, said John Schreiber, and said Louisiana Schreiber, wife of Alfred J. Dolhonde, and her said husband, are living in this city, and that said Pauline Schreiber, wife of Martin Milhas, died intestate in 1895, leaving as her sole heirs her seven children, all of whom are living in this city, to wit:
Martin Milhas, now 23 years old.
Florence Milhas, now 22 years old, wife of August Lanata.
Harry Milhas, now 21 years old.
Bertha Milhas,now 17 years old,
Annie Milhas, now 16 years old,
Grace Milhas, now 12 years old,
Lilian Milhas, now 8 years old,
lminors without | tutor.
That said Mary Schreiber, wife of George Roth, and her said husband, are both dead; that she died intestate in 1889, at the age of 26 years, leaving as her sole heirs her two children, both of whom are living in this city, to wit:
Alice Roth, now 16 years old, and 1 George Roth, now 14 years old, J
minors, without tutor.
That said Louis Edward Schreiber died unmarried and intestate in 1895, at the age of 25 years, leaving as his sole heirs his aforesaid living brothers and sisters' and the aforesaid minors, children of his deceased sisters.
Defendant prayed that. J. C. Hollingsworth, attorney at law, be appointed as tutor ad hoc to the minors Bertha, Annie, Grace, and Lilian Milhas and to the minors Alice and George Roth, and through said ' tutor the said minors be cited and made parties; that Peter Gardere Schreiber, Mary Elizabeth Schreiber, widow of F. J. Dorsey, John Schreiber, Louisiana Schreiber, wife of Alfred J. Dolhonde, Martin Milhas, Harry Milhas, Therese Milhas, wife of August Lanata, and said Lanata also be cited and made parties; that plaintiffs’ demand be rejected and dismissed, and that plaintiff be condemned to refund to him the sum of $200, which amount he had at the time of the promise of sale deposited with the auctioneer, and costs of suit. J. C. Hollingsworth was appointed tutor ad hoc of the minors, as prayed for, and the parties named were ordered to be cited and made parties. Hollingsworth qualified as tutor, and the other persons were cited. All of these parties appeared, and for answer said that they adopted the answer filed by the defendant Pettit, and prayed that plaintiffs’ demand be rejected.
Objection having been made by the plaintiffs to the appearance of the said parties, the court, by the authority of Johnson v. City of New Orleans, 105 La. 149, 29 South. 355, sustained the same; reserving to them the right to bring a direct action if such *222 they had. They took no further part in the case. On trial the district court rendered judgment in favor of the defendant and against the plaintiffs, rejecting their demand aud dismissing their suit; also condemning them to refund to the defendant the sum of §200 deposited by him with the auctioneer.
The plaintiffs appealed.
Opinion.
We are relieved from discussing the various objections urged to the proceedings had and judgment rendered in suit brought by Peter G. Schreiber for the partition of the property herein involved between himself and his co-proprietors. Assuming that those objections were well founded, and that the sale of the property and the partition of the proceeds were not at the time binding upon some of the defendants in the ease, matters have taken such a shape since then that those objections can no longer be successfully advanced. The parties who were interested were at liberty after that sale and that partition took place to ratify and confirm them, and to warrant the title of the purchaser, had they thought proper, and they have done so.
An examination of the statement of facts will show that all of the parties to the first partition proceedings, other than the four minors who were minors at the time, joined in proper person in executing a warranty deed to Weiss, the purchaser, and received their proportion of the purchase price, while the four minors, through their mother, did likewise. We do not think it is claimed that the parties so acting (other than the four, minors) could thereafter attack the sale and partition proceedings. They were estopped by their warranty from so doing. The maxim, “Quern de evictione tenet actio, eundem agentem repellit exceptio,” applies to their case.
It will further appear that, of the four minors who were represented by their mother in the first partition proceedings, three thereafter joined in their own proper behalf in the partition proceedings which resulted in the sale of a piece of property which their mother had purchased in their name and for their benefit with a portion of the proceeds which she had received for them from Weiss, the purchaser at the first partition sale, and joined in a warranty deed of the property to Edward Dillon, who purchased that propervy under the second partition proceedings, and that the mother of Louis Edward Schreiber, acting on his behalf as his special tutrix, did likewise.
It thus appears that all of the parties to the first partition, with the exception of the minor Louis Edward Schreiber, by their own personal acts, committed themselves to the legality of the first partition proceedings, and directly warranted the sale made to Weiss thereunder. These parties were all; therefore, estopped by their warranty from attacking that title.
If it be true that Louis Edward Schreiber was not committed to the legality of the proceedings in the first partition by reason of his having been made a party defendant in the second, through his mother, for the reason that he was a minor at that time, the fact remains that up to his death, at which time he was 25 or 26 years of age, he manifested no intention of disputing or questioning these proceedings and that sale. Defendant insists that at his death his right to attack them was unimpaired, and that right passed to his heirs, and it yet remains in full force; that among these heirs were his minor nieces, who inherited directly in their own right, and who, being, besides heirs, under benefit of inventory, inherited their share in that succession, freed 'from any. estoppel resulting from the warranty which bound their parents. Counsel refer the court to Destrehan v. Destrehan’s Ex’rs, 4 Mart. (N. S.) 557 to 601; Succession of the Misses *223 Morgan, 23 La. Ann. 291, 292; Calhoun v. Crossgrove, 33 La. Ann. 1001 to 1005; Succession of Meyer, 44 La. Ann. 871, 11 South. 532; Civ. Code, arts. 1227 to 1241.
The nephew and nieces of Louis Edward Sehrejber did not inherit in their own right in his succession, but as heirs by representation of their deceased mothers. The cases referred to involved a question of liability to collation, and not one of estoppel by reason of the warranty of the person through whom they inherited by right of representation. When.the nephews and nieces of Louis Edward Schreiber inherited in his succession, they at once became bound by the warranty which estopped their mothers. The right of Louis Edward Schreiber to dispute and question the legality of the proceedings in the first partition proceedings, and the sale thereunder made to Weiss, if then existing, lapsed to the extent of the inheritance which fell to these particular heirs then inheriting in the succession, and which went to the aid and satisfaction and fulfillment of the warranty of their mothers to Weiss, and quieted his title, had any doubt in respect to the same existed before. The warranty of the mothers was indivisible.
Heirs under benefit of inventory, as well as heirs pure and simple, are bound by the warranty of those through whom they inherit by representation. In the tenth volume of Laurent, treating of Successions (section 496), the author uses the following language:
“Le demandeur pent étre repoussé par une fin de non reeevoir celle de l’exception de garantie. Si celui qui demande la nullité, comme heritier de celui qui y a droit, est tenu lui-m§me de la garantie, il ne peut pas intenter Faction, car, obligé de maintenir Facte, il ne peut pas en poursuivre Fannulation. C’est ce que la cour de cassation a decide dans une espece oü. Fon faisait une objection trés subtile. L’un des copartageants succede a. un coheritier a l’égard duquel le partage est nul; e’était un interdit et il n’avait pas été representé au partage par son tuteur. Il fut jugé que le demandeur était non recevable parce qu’il devait la garantie, or celui qui doit garantir ne peut pas évíneer. Le principe est incontestable, mais la conséquence qui en resulte était inadmissible, disait-on. En effet, l’obligation de garantie que contraetait le copartageant l’empechait d’exercer le droit qui s’ouvrait a son profit dans une succession future; n’était-ce pas la un pacte successoire, et un pared pacte n’est-il pas radicalement nul? La cour de cassation répond, et la réponse est péremptoire, qu’il n’y avait dans Fespece aucune convention sur une succession future, mais un partage sur une succession ouverte; que si la garantie & laquelle Ies copartageants sont tenus les empeehait d’exercer un droit dans une succession future, c’était la une conséquence des principes généraux de droit et non d’un pacte successoire.” Peculier and Haime contre Veu Picard et Cons Cassation Dalloz, 1860, vol. 1.
We are of the opinion that the judgment appealed from is erroneous, and it is hereby annulled, avoided, and reversed; and it is now ordered, adjudged, and decreed that plaintiffs do have judgment against the defendant, William F. Pettit, decreeing and ordering him to accept the title and ownership of the property herein offered and tendered to him by the plaintiffs, and that he comply with the obligation assumed by him in respect to the same on the 16th July, 1903, by paying to the plaintiffs • the balance of the price which he agreed to pay for the same;' and defendant is condemned to pay costs in both courts.