On Rehearing.
By the WHOLE COURT.
O’NIELL, J.
Of the several defenses urged against this suit, is one which was not discussed in the original opinion, but which Appears to be an absolute bar to the plaintiffs’ action. They are the direct descendant heirs, the forced heirs, of Jabish Griffing and his wife by first marriage, Marian Harrison Griffing. The land sued for belonged to the marital community. After the death of Griffing’s wife, and after he had married again, he transferred the land to the Union Bank of Louisiana, in satisfaction of a debt, represented by two promissory notes held by the bank, amounting to $3,865, on which the bank had brought suit against Griffing. At that time, of course, the children of his first marriage had inherited their mother’s half interest in the community property. Nevertheless, the deed given by Jabish Griffing to the bank purports to have conveyed title for the whole property, and the instrument, executed before a notary public and two witnesses, contains the following obligation of warranty, viz.:
“And the said vendor, for himself and his heirs, shall and will warrant and forever defend the said property against the legal claim or claims of all and every person or persons whomsoever, by these presents; and the said vendor hereby moreover subrogates the said purchasers to all his rights and actions of warranty against his own and all previous vendors of said land, to exercise said rights and actions in the same manner as he himself might have done.”
In this suit, plaintiffs claim title for the whole properts' by inheritance from the deceased, Jabish Griffing, and his deceased wife, Marian Harrison Griffing. In their petition they alleged that defendant claimed title by mesne conveyances from the Union Bank of Louisiana, and they set forth, with particularity, the various deeds — some being conventional transfers and some sales for taxes — under which defendant claimed title. They did not, however, in their petition, mention the deed from Jabish Griffing to the Union Bank of Louisiana. Their petition, therefore, disclosed a right of action. But defendant, in his answer, asserted and relied upon the deed from Jabish Griffing to the Union Bank of Louisiana; the warranty clause in which deed, in our opinion, deprives the plaintiffs of any right of action which they might have had to recover even the interest claimed by inheritance from their mother.
[10,11] The institution of a suit claiming title to property by inheritance from a deceased person is an unconditional acceptance of his succession. Rev. Civ. Code, art. 988; McQueen v. Sandel, 15 La. Ann. 140 ; Brashear v. Conner, 29 La. Ann. 347 ; Sevier v. Gordon, 29 La. Ann. 440 ; McCall v. Irion, 41 La. Ann. 1126, 6 South. 845 ; Heirs of Ledoux v. Laveden, on rehearing, 52 La. Ann. 354, 27 South. 196. An heir who manifests an intention of accepting the succession unconditionally — that is, without the benefit of inventory — by doing an act which he would have no right to do' except as an unconditional heir (Rev. Civ. Code, art. 988), makes *453 himself liable for the obligations of the deceased person whose succession he has thus accepted. Rev. Civ. Code, arts. 1013, 1423. Therefore the plaintiff in a suit claiming title to property by inheritance from a deceased person, and thereby manifesting the intention of accepting unconditionally the succession of the deceased person, has no right of action to recover the property if his deceased ancestor, in disposing of the property, obligated himself to warrant and defend the title. Walker v. Fort, 3 La. 535 ; Stokes v. Shackleford, 12 La. 170 ; Smith v. Elliot, 9 Rob. 3 ; Gusman v. Berryman, Man. Unrep. Cas. 199 ; McQueen v. Sandel, 15 La. Ann. 140 ; Sevier v. Gordon, 29 La. Ann. 440 ; Chevalley v. Pettit, 115 La. 407, 39 South. 113 ; Cochran v. Gulf Refining Co., 139 La. 1010, 72 South. 718 ; Berry v. Wagner, No. 22933, post, p. 456, 91 South. 837, decided to-day.
In Walker v. Port, it was said:
“The heir is bound by the warranty of the person, whose inheritance he accepts.”
In Stokes v. Shackleford, it was said: -
“The heir cannot claim against the warranty of His ancestor, but is estopped by it from asserting title, although the title never vested until the ancestor’s death.
“If the vendor sells without title at the time of sale, but acquires title afterwards, it will accrue to the benefit of the vendee.
“The obligation of warranty descends to the héir of the vendor, and one of its first objects is, the buyer’s peaceable possession of the thing sold. In this respect, the obligation is indivisible, although in regard to damages consequent on eviction, each heir may only be bound for his virile share.”
In Smith v. Elliot, it was said:
“The obligation not to disturb, and even to maintain the purchaser in the quiet enjoyment of the thing sold, is one to which the plaintiff succeeded on accepting the estate of the vendor as heir or coheir. It is an indivisible obligation so far as it repels the coheir who seeks to disturb the title of the purchaser.”
In Gusman v. Berryman, Mr. Justice White, late Chief Justice of the Supreme Court of the United States, said, referring to the plaintiff in the case:
“Could he be successful in ousting his mother, he and his coheirs would be her warrantors, and hence the doctrine ‘Quern de evictione tenet actio eundem agentem repellet exceptio’ is fatal to his pretensions. He claims that he has a new title. Grant it. His new title comes from his coheirs, and he cannot undo as an actor that which he would be compelled to make good as a warrantor. Even did he and his coheirs, and he through them, have a title emanating from a different source than their father, they could not be heard under such circumstances to destroy the very right they are bound to maintain.”
In McQueen v. Sandel, it was said:
“Where the averments in a petition amount to an acceptance of- a succession, the -plaintiff is estopped from contesting a valid title derived from the person to whom he succeeds; he is the warrantor of the title.”
In Sevier v. Gordon, it was said:
“Heirs who, when they attain majority, sue for a partition of the property of the succession, and enter into its possession, thereby accept the succession purely and simply. They cease to be beneficiary heirs, and become personally bound-, for the debts of the succession.”
In McCall v. Irion, it was said:
“A party suing in virtue of her right as simple heir, for property that has descended to her as an inheritance, occupies the exact attitude before the court as would the ancestor himself, as plaintiff.”
In Cochran v. Gulf Refining Co., where the plaintiffs sued to annul a contract made by their mother after their father’s death, purporting to extend the term of a mineral lease on community property, it was said:
“Pretermitting the question whether the widow, as owner of one half of the land and usufructuary of the other half, could bind the co-owners by her contract extending the term of the'lease, she bound herself by -that contract; and, by accepting her succession unconditionally and partitioning the land that was subject to *455 the lease, which she was bound to respect, her heirs assumed her obligations with respect to the land, and were thereby bound to recognize the contract of lease. See R. O. O. 1013.”
As we explained in the opinion handed down to-day in Berry v. Wagner, No. 22933 (La.) 91 South. 837,1 the ruling in Tessier v. Roussel, 41 La. Ann. 474, 6 South. 542, 824, and the opinion rendered on rehearing in Chevalley v. Pettit, 115 La. 407, 39 South. 113, are not in conflict, but in accord, with the decisions which we have cited.
[12] It is argued by counsel for plaintiffs that, when they accepted the succession of their father, by bringing this suit, they were not aware that he had undertaken to dispose of the property and had obligated himself to warrant and defend the title. The argument is founded upon the fact that the deed was not recorded in the parish of Franklin, in which the land is located. The deed, however, was recorded in the parish bf Tensas, in which the land was then embraced. Besides, the warranty clause in the deed obligated the vendor, without registry, ■ and the heirs who have accepted his succession unconditionally have assumed the obligation, whether they were or were not aware of it when they accepted the succession. Heirs claiming by inheritance, are not in the situation of third parties. It was said in Gus-man v. Berryman, supra:
“The plaintiff and his coheirs are not third persons, nor is the community between the plaintiff and his wife a third person quoad the plaintiff himself, the head of and master of the community. A title good without registry as to the head of the community is likewise good as to the community.”
The decree heretofore rendered by this court is now reinstated and made the final judgment of the court.
HAWKINS, X, dissents.
THOMPSON, X, recused.

 Post, p. 456.