BLANCHARD, J.
Plaintiff claims to have been a creditor of E. A. Burris for money loaned and services rendered the latter during his lifetime. Burris died in November, 1899, intestate.
The suit is brought against the surviving spouse of the dead man, in her capacity as widow in community and as legal usufructuary, and against the three children of the deceased, issue of his marriage with the surviving spouse.
The children, all of whom are of age, are sued in their capacity as heirs of their dead *217 father, on the contention that having accepted his succession purely and simply they are responsible for its debts.
Whatever property Burris left at his death pertained to the matrimonial community.
Mrs. Burris answered admitting that, as siuviving widow in community, she had been placed in possession of the estate of her deceased husband as usufructuary, but denied the existence of the indebtedness declared on and pleaded the prescription of one, three and five years in bar of same.
The other defendants answered denying that they had accepted the succession of their father, or were in any way responsible for its debts. They expressed their formal renunciation of the succession.
From a judgment against Mrs. Burris for part of the amount claimed, no appeal is taken. From a judgment against the other defendants for part, they prosecute this appeal.
The judgment appealed from, in effect, adjudicates that the appellants had accepted their father’s succession unconditionally.
Whether they have done so, is the question the appeal presents.
Following her husband’s death in 1899, Mrs. Burris filed in the district court a pe'tition in which she averred that James L. Burris, John E. Burris and Amy L. Burris, issue of her marriage with her deceased husband, were his sole heirs, and that she, as surviving widow in community, was entitled to the usufruct of the interest of the heirs in the community property. She represented that the debts of the succession were inconsiderable, and that an administration was unnecessary.
She prayed that after due notice to the parties named as heirs, she be recognized as widow in community and usufructuary of so much of the succession of her deceased husband as was inherited by his heirs, and that she be placed in possession thereof.
At the foot of her petition the parties named as heirs subscribed to the following declaration :—
“We- and each of us acknowledge receipt of the foregoing application and admit the truth of the allegations thereof and of the right of the petitioner to be placed in possession of the estate of our deceased father as widow in community and usufructuary.”
On the same day the judge signed the following order:—
“The foregoing application and acknowledgment of the heirs of the decedent considered, it is, by reason thereof, ordered that Mrs. E. A. Burris be and is hereby recognized as the widow in community and usufructuary of the succession of her deceased husband, and that she be authorized to take possession of said succession in said capacity.”
Citing Civ. Code, art. 988, the contention of the plaintiff is that the declaration as above of the heirs and the judgment of the court predicated thereon constitute an unconditional acceptance of the succession.
We do not think so.
The paper the appellants signed was an admission of the truth of the allegations of their mother’s petition and of her legal right to be placed in possession of the estate of their father as widow in community and usufructuary — nothing more.
By their signatures they admitted: — That E. A. Burris was dead; that the small estate he left was community in character and consisted of personal property only; that they (the signers) were the children of the marriage and as such the sole heirs of their father; that the succession of their father owed no debts of consequence; that he left no will; and that their mother was entitled to the usufruct of the interest of the legal or presumptive heirs in the community property.
Undoubtedly, as children of their father, who died intestate, they were his sole, presumptive heirs. The quality of presumptive heir applies to him who is the nearest relation to the deceased, capable of inheriting, and this quality is given to him before the decease of the person from whom he is to inherit, as well as after the opening of the succession until he has accepted or rejected it. Civ. Code, art. 880. But the written declaration or admission of the mere capacity of heirship made by such an heir does not of itself constitute an acceptance of the succession. Civ. Code, art. 989.
Undoubtedly, as widow in community (not renouncing same) their mother was, in the absence of action by creditors of the succession demanding formal administration of its affairs, entitled to be recognized *219 as usufructuary of that portion of the estate devolving upon the presumptive heirs. Civ. Code, art. 916. But the mere written admission of this conclusion of law hy those called hy law to the succession does not suffice of itself to evidence an acceptance of the succession.
In what the heirs did, in the case at bar, is lacking the intention to accept. The intention to accept is not sufficiently manifested by the fact — by the thing done — in order that acceptance may be inferred. Civ. Code, art. 990.
There was no claiming of anything by those styling themselves heirs. There was no affirmative action by them in assertion of the rights of heirship. There was no obliging themselves as heirs, or contracting as heirs. Civ. Code, art. 989.
Hence, the heirs of Burris, sued herein for his debts, are within the rule laid dotyn in the authorities which follow.
In Anderson v. Cox, 6 La. Ann. 13, it was said that the judicial proceedings meant by Civ. Code, art. 982 (new Civ. Code, art. 988), by which the heir assumes the quality of heir in an unqualified manner, are those in which the heir appears to claim as such some right in the succession.
In Mumford v. Bowman, 26 La. Ann. 413, it was said that to incur the liability arising from an acceptance pure and simple, something more than styling himself heir in some written act, in court or out, must appear in the instrument; that in both the express and tacit acceptance it must be made clear that it was the intention of the party assuming the quality of heir to abide the disadvantages, if any should arise, of accepting simply and purely, as well as to enjoy the benefits that might accrue from it; that in the one cáse the intention is to be found in a fair interpretation of the terms and ’ expressions of written instruments; in the other, it is to be inferred from acts, the motives of which cannot be ascribed to any other purpose.
In Succession of Hart, 52 La. Ann. 364, 27 South. 69, it was held that the mere reference to themselves as “children and heirs” of a deceased person, made in a petition filed by the heirs asking for the probate of the dead man’s will and the placing of his succession under the administration of executors, was not an unconditional acceptance of the succession.
Another contention of the plaintiff is that J. K. Burris, one of the defendants, had possessed himself, as owner, of property of the succession, to which he had no title except as to his share thereof as one of the heirs of his deceased father, and that by so doing he had made himself liable for the debts of the father.
We do not find the facts sustain this contention.
About the only property E. A. Burris left at his death was a half interest in a dredge-boat. The other half interest belonged to the son and heir of E. A. Burris’ predeceased brother. This heir of the predeceased brother sold his half interest in the boat to J. K. Burris. The title then stood as follows:— J. K. Burris owned one half, his mother owned one quarter as widow in community, and was in possession of the other quarter as usufructuary.
J. K. Burris having bought the interest of the heir of his deceased uncle, purchased the interests his mother had in and to the boat, and then took possession of the boat.
He thus holds it as purchaser, not as heir. Legal liability attaches to the heir who sells, not to the one who buys succession property. Civ. Code, art. 999.
The mother could sell her property rights in the boat. That she could, too, sell whatever usufructuary rights she had therein, is equally certain. Civ. Code, art. 555.
For the reasons assigned, it is ordered, adjudged and decreed that so much of the judgment appealed from as condemns the parties sued herein as defendants, other than Mrs. E. A. Burris, be annulled, avoided and reversed, and that as to them the demand of the plaintiff, as herein set up, be rejected at his costs.