LAND, J.
The fqur surviving children of Daniel and Elizabeth Berry are plaintiffs in a petitory action to recover a one-half interest in a square of ground bounded by Carrollton avenue, Solomon, Palmyra, and Gasquet (now Cleveland avenue) streets,, in the city of New Orleans.
The property in question was community property, having been acquired by Daniel Berry from J. B. Olivier by act of sale before J. J2. Spearing September 24, 1885, duly registered in conveyance office of the parish of Orleans.
Daniel Berry, the father of the plaintiffs, died October, 1888. He left a last will and testament, in which his wife, Elizabeth Berry, inherited one-fifth of one-half of his estate. The widow and the minor children were put in possession of the estate of Daniel . Berry by judgment of court, December 29, 1888, the minors being sent into possession under benefit of inventory, under judgment June 28, 1900.
After the death of Daniel Berry, his widow, Elizabeth Berry, married Arthur Climo,- and Mrs. Elizabeth Climo, by decree of court on March 1, 1889, caused the undivided four-fifth interest of the minors in the separate estate of their father, adjudicated to her, as well as the undivided two-fifth interest of the said minors in the community property, under article 343 of the Civil Code, authorizing the adjudication of the property held in common by the mother and the minor children to the mother.
On May 5, 1900, Frederick Camors acquired the property in dispute by a deed from P. F. Herwig, testamentary executor of Mrs. Elizabeth Climo, widow by first marriage of Daniel Berry, and the defendants in this case acquired by mesne conveyances their1 respective interests in this square of ground by purchase from Frederick Camors.
It is therefore clear that if defendants have any just title to this property, the same must rest upon the validity of the adjudication to Mrs. Climo. If she did not acquire the interests of the minors by said adjudication, then the sale of the minors’ interests in said property by her testamentary exeeu *459 tor, to Frederick Camors was illegal and invalid, and plaintiffs in this case are entitled to recover.
As only the interests of the minors were adjudicated to Mrs. Climo, the adjudication was null. The Supreme Court in the case of Lyons v. Women’s League of New Orleans, 124 La. 222, 50 South. 18, said:
“Hence, it being so written in article 343 [Civil Code], the parent who wishes to acquire Ms minor child’s share in the property held in common must cause the whole property to be adjudicated to him, or else he takes nothing by the adjudication.”
The defendants, however, contend that the minors, having accepted the succession of their mother, are bound by her warranty as conveyed in the sale by her testamentary executor to Frederick Camors.
The judgment putting the minors in possession in the succession of Mrs. Elizabeth Berry, wife of Arthur Climo, shows that Daniel Berry, who was then a major, was placed in possession of his mother’s estate purely and simply, but the remaining tlvree minors were put in possession of her estate under benefit of inventory.
The plaintiffs are seeking to recover in this case, from third persons, no interest in property which they inherited from their mother, and of which they have been illegally divested during their minority; but the action which they here bring is to have restored to them their half interest in property of which they have never been divested, and which they derived from their father as his forced heirs.
“The action which the beneficiary brings against a third person in his own right cannot be paralyzed by an exception founded on a right against the deceased. Thus the beneficiary heir who revendicates his own property which has been unduly sold by the deceased cannot be repulsed by the maxim, ‘Quem de evictione,’ etc.” 2 Baudry La Cantiniere, No. 204; 4 Toullier, No. 357; Pothier, Vente, No. 175; 2 Mourlin, No. 289; 3 Marcade, Nos. 255-257.
In Tessier v. Roussel, 41 La. Ann. 474, 6 South. 542, 824, the Supreme Court said:
“We, therefore, conclude that the forced heirs, accepting under benefit of inventory, bringing their action of reduction in their own right, would not be estopped or hindered by any warranty ' of their ancestor which would be an exception founded on an obligation of the latter alone.”
The defense of warranty is therefore unfounded.
We will next consider the plea of estoppel against the minors by reason of the fact in the settlement made by the tutor with the minors in the mother’s succession, the minors must have received their part of the sale of this Carrollton avenue square.
The projet of partition shows that each of the plaintiffs was to receive his portion of the community property, including both the father’s and mother’s one-half of the community, after deducting the amounts received by each of said "heirs, and the receipt for the money by each of said heirs is found in transcript, page 225. But nowhere do we find in said receipt or in said projet of .partition any mention of the Carrollton avenue property, although we find other properties specifically referred to.
The pro jet of partition was filed April 26, 1901, while the receipt of plaintiffs, in the name of their attorneys, was filed December 10, 1901.
As a matter of fact, the Carrollton avenue property, being the property in litigation, was sold in 1892, as shown by the petition in the suit of Camors v. Herwig, Testamentary Executor, transcript, p. 241, for $2,000, and the judgment of the Court of Appeals in 1896 was complied with.
It may be assumed that at some time and in some account the testamentary executor accounted for the proceeds of this sale. There is no account which shows the fact. All the plaintiffs testify that they were nev *461 er advised of anything in relation to the Carrollton avenue property.
This court, in Crain v. Tremont Lumber Co., 134 La. 276, 63 South. 901, said:
“The proceeds of the sale were paid by the tutor to the minors on their attaining their majority, but without further explanation than that it was in settlement of the amount due them from their father’s estate, and without their knowing that it was for the proceeds of the sale of their property; and the contention is that by receiving said payment, they ratified the sale. As said in the case of Rist v. Hartner, 44 La. Ann. 378, 10 South. 760 : ‘The ratification of a transaction which is a nullity is a recognitive and confirmative act, and cannot be successfully passed, unless it is shown to have taken place with full knowledge of the circumstances 'and formal intention to cure the radical vice contaminating it, and with which it is infected, by )an unreserved sanction and approval.’ That acceptance of the proceeds of a sale does not operate a ratification, unless done with full knowledge. See Rocques’ Heirs v. Leveque’s Heirs, 110 La. 307, 34 South. 454 ; George v. Delaney, 111 La. 761, 35 South. 894.”
Under the facts of this case, it is clear that there was no ratification of the sale of the Carrollton avenue property, which was under private sale, even if the proceeds of said sale were accounted for in regular course and used for the maintenance and sustenance of the minors.
The defendants have pleaded the prescription of 10 years causa adquirendi. Daniel Berry, the eldest of the plaintiffs, was born August 19, 1878; E. T. Berry was born February 2,1882; M. F. Berry was born August 4, 1884; W. T. Berry was born October 18, 1886. The eldest child, Daniel Berry, did not become of age until August 19, 1899, and this suit was brought within 10 years after he arrived at the age of majority. The perscription causa adquirendi does not run against minors during their minority. C. C. art. 3522 ; Barrow v. Wilson, 38 La. Ann. 209 ; Messick v. Mayer, 52 La. Ann. 1161, 27 South. 815.
The plea of prescription of 10 years cannot prevail under this state of facts.
In the case of Crain v. Tremont Lumber Co., 134 La. 277, 63 South. 902, the Supreme Court said:
“In this case minors’ property was sold at private sale. Needless to say a sale of minors’ property at private sale, even though authorized by a family meeting, is null, except when the purpose is to effect a partition. Blair v. Dwyer, 110 La. 332, 34 South. 464 ; Fletcher v. Cavalier, 4 La. 268.”
The adjudication of the interests of the minors in this case to their mother was an absolute nullity.
The suit of Frederick Camors v. Herwig, Testamentary Executor of Mrs. Climo, formerly the wife of Daniel Berry, was based upon the allegation that prior to the death of Mrs. Climo she had through her agent, Terry, agreed to sell this square of ground to Frederick Camors.
The judgment of the civil district court of the parish of Orleans, of date May 1, 1894, affirmed by the Court of Appeals of said parish of January 6, 1896, ordering the testamentary executor to specifically perform the agreement to sell this square of ground to Frederick Camors, and the private sale of same to him, executed by said testamentary executor May 5, 1900, were absolute nullities, as the prior adjudication of the interests of the said minors in the said property to their mother was an absolute nullity, and the private sale of the minors’ property, except for the purpose of effecting a partition, is an absolute nullity.
The prescription of 5 years pleaded under article 3542 of the Civil Code, declaring that actions for the nullity or rescission of contracts, testaments, or other acts is prescribed by five years, does not apply to acts which are absolutely null, and the nullity of such acts cannot therefore be removed or cured by such prescription. Lagrange v. Barre, 11 Rob. 302 ; Brownson v. Weeks, 47 La. Ann. *463 1060,17 South. 489 ; Ackerman v. Larner, 116 La. 114, 40 South. 581 ; Jenkins v. Svarva, 131 La. 749, 60 South. 232.
Daniel Berry left a last will and testament, in which his wife, Elizabeth Berry, inherited-■one-fifth of one-half of his estate. After the death of Daniel Berry, Mrs. Elizabeth Berry married Arthur Climo, and, under article 1753 of the Civil Code, the portion of the estate bequeathed to her reverted upon the second marriage to the plaintiffs, the children of the first marriage. As this reversion took place by mere operation of law and during the lifetime of Mrs. Arthur Climo, surviving spouse of Daniel Berry, the plaintiffs acquired this property neither in the capacity of beneficiary heirs nor of unconditional heirs of their mother. The property reverted to them from their father’s estate.
By agreement of counsel in this case the judgment of this court is restricted to deciding the points of law presented, leaving to future proceedings the question of accounting between the parties for the value of improvements, rents, and revenues.
For the reasons assigned, the judgment appealed from is annulled, avoided, and reversed, and it is now ordered, adjudged, and decreed that there be judgment in favor of petitioners, Daniel Berry, Milton F. Berry, Edwin Thomas Berry, and Warren L. Berry, heirs of Daniel Berry and Mrs. Elizabeth Berry, deceased, and against the defendants, Mrs. Pauline Gebs, widow of John Wagner; Annie C. Wagner, feme sole; William S. Wagner; Thomas J. Cooke; Theodore Dumas'; Mrs. Alviva Laura Midelstadt, wife of Paul Lambert; Joseph A. Craven; Mrs. Rosa McQuade, wife of John Bacon; Dr. Harold L. Jensen; Capt. George Long; Charles E. Frank; Walter L.' Loubat; Catherine Purcell, widow of William Bayer; Josephine Waechter, wife of Peter'McMahon; Henry Sellen: Rosa Sellen, wife of Edward Prattini; Henry Sellen, Jr.; Edward Sell-en; John Sellen; the minors Hilda and Elizabeth Sellen, represented by their natural tutor, Henry Sellen; Elizabeth Kelley, widow by first marriage of James B. Nicholson, and widow by second marriage of Frank H. Kelley; Gustave Turner; Tobias Stafford; M. E. Reimmuth; William Bell; and Mrs. Henry Turner — recognizing petitioners Daniel Berry, Milton F. Berry, Edwin Thomas Berry, -and Warren L. Berry to be the lawful owners in indivisión with said defendants of five-tenths interest in and to the following described property, to wit: The square of ground No. 782 in the First District of the city of New Orleans, La., bounded by Gasquet, Palmyra, Solomon, and Carrollton avenue, and containing 40 lots, -measuring 499 feet 6 inches front on Palmyra street; 528 feet 1 inch and 5 lines front on Gasquet street; 321 feet 10 inches and 6 lines front on Carrollton avenue; 319 feet 7 inches and 6 lines front on Solomon street; and ordering said defendants to deliver possession of said property to said petitioners.
It is further ordered, adjudged, and decreed that there be judgment in favor of said petitioners, Daniel Berry, Milton F. Berry, Edwin Thomas Berry, and Warren L. Berry, and against defendants for five-tenths of the rents and revenues of said property from judicial demand, and that this case be remanded to the district court for the purpose of determining the question of accounting between said parties for the value of the improvements and the rents and revenues; appellees to pay the costs of both courts.
O’NIELL, J., dissents, and will hand dowri reasons.
MONROE, C. J., recused.
DAWKINS, J„ dissents.