## No. 3318
### First Circuit Appeal

---

## MRS. LUCILLE COUSIN REY, ET AL., v. C. HENRY CULBERTSON

---

(————, Opinion and Decree)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Succession—Par. 32, 36.**

Under Article 2239 of the Civil Code, as amended by Act No. 5 of 1884, forced heirs who have accepted and received an estate are not prevented from bringing suit to annul absolutely by parol evidence the simulated contracts of those from whom they have inherited.

2. **Louisiana Digest—Sales—Par. 63, 64; Evidence—Par. 27.**

Under Article 2479 of the Civil Code the presumption is that delivery of immovables accompanied the passing of the authentic act of sale.

3. **Louisiana Digest—Evidence—Par. 53.**

Where simulation is alleged by the plaintiff in order to annul an act of sale, if the evidence adduced to prove the payment of price is about evenly balanced with that adduced to support the alleged simulation, the burden of proof being on the plaintiff, the alleged simulation must be considered not proven.

Appeal from the Twenty-Sixth Judicial District Court, Parish of St. Tammany. Hon. Prentiss B. Carter, Judge.

This is a suit to have declared as simula-tion an act of sale passed August 29, 1879.

Defendant filed exception of non-joinder of proper parties defendant, no cause of action, prescription of ten and thirty years, res adjudicata and other estoppels. The lower court at first sustained an exception no cause of action, but on appeal the judgment was reversed and case remanded. The prescription pleaded was then sustained by the lower court but on appeal the judgment was again reversed and the case again remanded. The lower court after trial on the merits rendered judgment in favor of the defendant.

Plaintiffs appealed.

Judgment affirmed.

(Attorneys names not available.)

ELLIOTT, J. This is an appeal from the Twenty-Sixth Judicial District Court, Parish of St. Tammany.

Mrs. Lucille Cousin, wife of Albert Rey; Miss Amanda Cousin; Mrs. Modeste Cousin, wife of Robert Bosarge; Allard Cousin, Guy Cousin and Ellis J. Cousin, the sole and forced heirs of their father, Armand Joseph Cousin, allege that by title before John J. Mortee, notary public, dated J—— 25, 1868, he acquired by purchase from Adolph Dubourg the tract of land described in their petition containing 220 arpents more or less, with the buildings and improvements thereon, situated in the parish of St. Tammany, and that they are the owners of said property by inheritance from him as his forced heirs and as such entitled to the possession of the same.

That by title dated August 29, 1879, he apparently sold and delivered said property to Mrs. Alice Culbertson, nee Cousin, widow of Henry Culbertson, deceased, for $1100.00 cash.

That for more than a year previous to the execution of said act and at the time thereof, Armand Joseph Cousin, their father, and the said Mrs. Culbertson were living together in open adultery; that said

purported sale from him to her comprised his entire estate and was a pure simulation.

That Mrs. Culbertson departed this life in 1890 and their father in 1917; that C. Henry Culbertson was in possession of said property and disputed their right and title thereto. They brought a petitory action against defendant, C. Henry Culbertson, and prayed for judgment against him, recognizing them as the sole and forced heirs of their father, Armand Joseph Consin, and as such the owners of said property by inheritance from him and entitled to the possession of the same.

Defendant filed exceptions of non-joinder of proper parties defendant, no cause of action, prescription of ten and thirty years, res adjudicata and other estoppels, and this is the third time the case has been before us.

On the first occasion the lower court sustained the exception of no cause of action; but on appeal the judgment was reversed and the case remanded; the prescriptions pleaded were then sustained, but on appeal the judgment was reversed and the case again remanded. The defendant, Culbertson, then filed an answer in which he urges the exception of non-joinder, res adjudicata and other estoppels; denied that his mother, Mrs. Alice Cousin Culbertson, had lived with plaintiff's father in adultery as alleged by them; averred that the act from plaintiff's father to his mother was a good and valid act, that the consideration stipulated in the act had been paid, that his sister, Alice Culbertson, and himself had always asserted ownership of the property after the death of their mother; that plaintiff's father had recognized their ownership as her heirs during his lifetime; that defendant was the owner and possessor of an undivided half of the property and had no interest in the other half, and prayed for judgment recognizing him as the owner

and maintaining him in possession of the same; that plaintiff's demand be rejected.

The lower court, after trial on the merits, rendered judgment on the merits in favor of defendant, recognizing him as the owner of an undivided half of the property, maintained him in possession, and rejected plaintiff's demand without passing on any more of the exceptions, etc.

Plaintiffs have appealed and pray for the reversal of the judgment appealed from and for recognition as owners entitled to possession as prayed for in their petition.

Plaintiffs, previous to bringing the present suit, had brought a possessory action against C. Henry Culbertson and Francis Carriere for the property, but after trial their demand was refused on the ground that they had not had the requisite possession for that action.

We are urged in defendant's brief in case the judgment appealed from is not affirmed on the merits to then consider his exceptions, etc. His request waives the exceptions as far as they can be waived. The record shows that defendant's mother, Alice Cousin Culbertson, vendee in the act attacked, left two children, to-wit, C. Henry Culbertson, the defendant, and his sister, Alice Culbertson, who became the wife of Seymour Cousin. This daughter, sister of defendant, is not before the court, and the record does not explain the situation as to her interest in the property as an heir of her mother. We notice in the transcript a paper which purports to be a minute entry of the late Sixteenth Judicial District Court in and for the Parish of St. Tammany, and to show a judgment rendered in favor of Mr. and Mrs. Seymour Cousin against A. J. Cousin and Henry Culbertson, "decreeing that the transfer from Alice Culbertson to Henry Culbertson of the undivided half of the property by act before Maxime Cousin, notary public, dated December 25,

1892, and the transfer of the whole property from Henry Culbertson to A. J. Cousin by act passed before Maxime Cousin, notary public, on December 29, 1892, to be a simulation as to said half and as such null and void, and that Alice Culbertson, wife of Seymour Cousin, was the true and legal owner of said undivided half of said property". But the paper cannot have any effect. It bears some filing mark; but it cannot be of the date it purports to have been filed; it does not bear any suit number or certificate that it was copied from the minutes of said court; nothing indicates that a judgment corresponding thereto was signed; and '' note of testimony does not show that the paper was offered in evidence. It ought not have been placed in the transcript. On the trial defendant offered in evidence a suit entitled Mr. and Mrs. Seymour Cousin vs. A. J. Cousin and of Henry Culbertson vs. A. J. Cousin, which was objected to by plaintiffs on the ground that the records offered could not be found and were lost. In reply to plaintiff's objection defendant stated that he had seen the suits among the old papers in the clerk's office, but that it was difficult to find them and required patience and diligent search. The court ruled that if they could be found they would be admitted and filed. It does not appear that they were found; they are not in the transcript and can have no effect.

The act from Henry Culbertson to A. J. Cousin, dated December 29, 1892, contains conditions and clauses, and, considering the whole act, we conclude that it left vested in Henry Culbertson, defendant, as an heir of his mother, interest and standing under and by virtue of the act of August 28, 1879, to defend the same from the attack of simulation made on it by the plaintiffs in this suit, although it would have been better if all parties presently claiming under that act had been made parties to the suit.

The record of the succession of A. J. Cousin was offered in evidence by defendant, but it is not in the transcript and, for all we know, it may have been left out of it on purpose pursuant to Act 265 of 1918.

In that connection we have before us nothing but the oral evidence in the note of testimony that plaintiffs accepted their father's estate and received certain property in their capacity of heirs and that they never intended to relinquish their right, if any they had, to the property involved in this suit.

Under the law, C. C. Art. 2239 (Amd. 1884 No. 5, p. 12), the estate accepted and received by plaintiffs does not prevent them bringing this suit. The cases, Stokes vs. Shackleford, 12 La. 170; Griffing vs. Taft, 151 La. 442, 91 South. 832; Berry vs. Wagner, 151 La. 456, 91 South. 837, do not apply to this action. Coming now to the merits of the case, an authentic act executed and signed more than forty years before it was brought in question is alleged to be and to have been at the time it was passed a pure simulation. Mrs. Alice Culbertson, defendant's mother, second wife of A. J. Cousin, died in 1890, about thirty years before this suit was filed, and A. J. Cousin in 1917, about three years before. The date of the title from Adolph Dubourg to A. J. Cousin, recitals in the act and the date of his first marriage, indicates that the property was an acquisition of the community which presumably existed between A. J. Cousin and plaintiffs' mother. Therefore, if the title of August 29, 1879, was a simulation, and if A. J. Cousin was divorced from plaintiffs' mother, she could, acting timely, have accepted the community and brought suit to have the simulation decreed, but she did not do it. She may have renounced the community. No judg-

ment of divorce was offered in evidence; but Henry Culbertson testified that his mother and A. J. Cousin were married in Covington in 1885. The marriage is not disputed; consequently he must have been divorced from plaintiffs' mother previous to his marriage to defendant's mother.

According to plaintiffs' witnesses for themselves, Mrs. Culbertson was portress in a school building in New Orleans in 1878. Just when this employment terminated is not established; except they testified that she afterwards lived in a room of a house belonging to Mrs. Delanotte and took in sewing as a means of employment, and was so engaged when she moved from New Orleans to the property on Bayou Lacombe.

Plaintiffs contend that her employments, appearance, manner of dress and way and place of living indicated and establishes that she did not have $1100.00 in cash in 1879 with which to pay for the property in Bayou Lacombe. Plaintiffs further testify that, although their father placed the title in her name in 1879, that she did not leave New Orleans to live on the property until 1882, and contend that under the law, C. C. Arts. 1921 and 2480, a presumption of simulation exists on that account.

But the act whereby she obtained title was passed before Edmund Augustus Peyrous, notary public, and is in authentic form, and the presumption is that delivery accompanied the authentic act. C. C. Art. 2479. She could have taken actual possession of the property and maintained it without going to live on it and may have done so; the evidence does not show whether she did or not.

Henry Culbertson, defendant, testifies that his mother and A. J. Cousin did not live together until they were married in 1885; that his mother had lived at Bayou Lacombe before she went to New Orleans and had owned a stock of cattle branded

C. A. C., inherited by her from her father, Caesar Adolph Cousin, and that she could have paid $1100.00 cash for this property in 1879.

He further testified that his mother was the daughter of Caesair Adolph Cousin and of Mary, or Marie, Anderson Cousin, and that his grandfather, Caesair Adolph Cousin, left money and property to Mary, or Marie, Anderson Cousin, defendant's grandmother, in the name of Armand Cousin, and that after the death of his mother he received about $7000.00 in money and property as one of the heirs of his grandmother, Mary, or Marie, Anderson Cousin. His statement that Mary, or Marie, Anderson Cousin was pretty well fixed financially is corroborated to some extent by Mrs. Lucille Rey; see her testimony, pp. 23 to 37, and further corroborated by a title offered in evidence from Armand Cousin to Mary, or Marie, Anderson Cousin, passed before Anatole Bosque, recorder, for 640 races of land situated in the parish of St. Tammany, bearing date May 12, 1876; the act recites that Armand Cousin had acquired the property by inheritance from Caesair Adolph Cousin, and the price of the transfer is said in the act to have been $300.00 paid out of the presence of the recorder.

Defendant had a sister, Alice Culbertson, wife of Seymour Cousin, and the evidence shows that his mother had a sister, but does not show whether they received anything from the estate of Mary, or Marie, Anderson Cousin or not. But evidently, if defendant received approximately $7000.00 as his share of his grandmother's estate, it would be unreasonable, even supposing his mother to have died before her mother, to conclude that the sum of $1100.00 could not have been paid to A. J. Cousin for the property in question in 1879.

All persons in position to know whether or not the act of August 29, 1879, was a simulation have passed away.

Mrs. Lucille Rey, wife of Albert Rey, witness for herself and the other plaintiffs, was about ten years old in 1879. Allard Cousin, another plaintiff and witness, was either a little older or younger than Mrs. Rey. Virginia Cousin, another, was evidently about ten years old at that time. Modeste, wife of Robert Bosarge, was about the same age.

Mrs. Eugenia Albrier, sister of Mrs. Virginia Cousin, was about fourteen years old at that time. Robert Bosarge was scarcely grown in 1879. It is evident from the testimony that these witnesses have stated their beliefs and facts as they understood, but they do not known and have not testified to any fact from which we can safely say that the $1100.00 said in the act from A. J. Cousin to Mrs. Culbertson to have been paid in cash was not in fact paid as stated in the act.

Henry Culbertson, defendant, was about ten years old at the time; being with his mother, he is likely better posted as to the fact of payment than the plaintiffs, who were not so well informed as to their father's acts, etc. The record shows that as far back as 1882 taxes were paid on the property in the name of Mrs. Culbertson; how it was assessed from thence back to the time the act of sale in question was passed; the evidence does not show. A. J. Cousin recognized the title of August 29, 1879, in his dealings with defendant and his sister.

The act from A. J. Cousin to Francis Carriere has been noticed but we do not think it has bearing on the issue. A. J. Cousin could not transfer what he did not have.

The evidence in the case establishes in our mind but a suspicion against the act from him to Mrs. Culbertson, but does not satisfy us that it was a simulation.

In Carter vs. McManus, 15 La. Ann. 641, brought under C. C. Art. 2444, the Supreme Court said:

"These circumstances at most create but a suspicion against the payment of the price and make in favor of the plaintiff but a doubtful case. Such evidence is too uncertain to justify the courts in taking an estate from one man and declaring it to be the property of another."

In Moore vs. Wartelle, 39 La. Ann. 1069, brought under C. C. Art. 2444, the Supreme Court said:

"The law does not favor actions of this character. It imposes on the plaintiff the burden of adducing convincing if not irresistible proof to undo the acts of their deceased parent, but it may not leave them without some remedy in proper cases of undue advantage."

The above cases are cited with approval in the late case of Blackman vs. Brown, 155 La. —, May 24, 1924. All facts and circumstances considered, the evidence adduced in support of the payment of the price, weighed against that adduced to support the alleged simulation, leaves the question about evenly balanced, and the simulation is not established. The opinion of the lower court is, in our opinion, correct.

It is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed; that the plaintiffs and appellants pay the cost of both courts.