TALIAFERRO, Judge.
Plaintiffs, Mrs. Sallie Lay Rigdon, wife of J. C. Rigdon, and Marshall H. Carver instituted this petitory action against Mrs. May Lay Spillman, Mrs. Mattie Lay Davis, Mrs. Ora Holland and her husband, Casey Holland, Neella Lay, Mrs. Clopha ¡Coffey, Mrs. Agnes Lee and Willie Davidson, alleged possessors thereof, to recover an undivided one-twelfth (1/12) interest each in and to the East One-Half of the Southeast Quarter (E 1/2 of SE 1/4) of Section Thirteen (13), Township Thirteen (13) North, Range Eight (8) West, containing eighty (80) acres, more or less, situated in Natchitoches Parish, Louisiana.
Defendants interposed pleas of prescription of ten (10) years and thirty (30) years, and a plea of estoppel. These pleas were tried in limine litis and were all sustained. Plaintiffs appealed from the judgment.
The land in question was acquired by Madison Randall Lay, father of plaintiff, Mrs. Rigdon, during the existence of his marriage to her mother, Mrs. M. J. Sallie Lay, who died on August 11, 1895. Besides Mrs. Rigdon, there were of this marriage two other children, viz: Noel L. Lay and A. H. Lay. Each of these heirs inherited at their mother’s death one-sixth (1/6) interest in the land.
Notwithstanding the change in ownership of the land on the death of his wife, Madison Randall Lay on January 22, 1910, sold and conveyed the entirety of the tract to Larkin W. Lay, excepting that portion thereof “that is now enclosed * * * in an orchard.” The reserved land is otherwise shown to be about one acre in the northeast corner of the tract conveyed.
At the time of this sale Larkin W. Lay was married to a Mrs. Sallie Pullig Davidson. He was then in physical possession of the land, living thereon, and maintained such possession until his death, not long after he purchased the lands. His widow and children continued such possession until her death on March 13, 1948. Of this marriage, according to the petition, there were the following children, viz.: Agnes, who married R. H. Lee; May, who married Walter Spillman; Mattie, who married Edward L. Davis and Randall Lay, who died intestate and without issue. By her former marriage, Mrs. Lay had one son, named Willie Davidson.
On February 26, 1942, Mrs. Rigdon sold to said Carver, co-plaintiff, an undivided one-twelfth (1/12) interest in the land, being one-half (1/2) of her inherited interest therein.
After the death of Larkin W. Lay, his widow married one T. J. Lavespere.
On January 19, 1931, N. L. Lay, son of Madison Randall Lay, sold his one-sixth (1/6) interest in the land to Mrs. Laves-pere.
On March 29, 1948, Willie Davidson, May Spillman, Agnes Lee, Neella Lay and Clopha Coffey, representing themselves to be the sole heirs and legal representatives of their mother, Mrs. S. E. Lavespere, deceased, petitioned to the Honorable Tenth District Court in and for Natchitoches Parish, to be recognized as such heirs of the deceased and sent into possession of the property left by her at her death. Judgment was rendered and signed as prayed for by these petitions. No real estate is described in these proceedings.
On March 26, 1948, three days prior to the signing of said judgment, all of the heirs recognized therein, plus Mrs. Mattie Davis, executed and signed an act of partition of the eighty (80) acre tract, each being allotted a certain number of (described) acres thereof.
The record does not disclose the relationship of Clopha Coffey to the other parties to the petition, but we infer that she was a daughter of their mother, by Lavespere.
On March 26, 1948, Mattie Davis, described as the widow of E. L. Davis, sold to Mrs. Ora Holland the 13 1/3 acres allotted to her in the said act of partition. Hence, she was made a defendant in the case. No good reason appears why Mrs. Davis was so impleaded.
*837 The record discloses that after the death of Madison Randall Lay, Mrs. Rigdon participated in the division of personal property of his succession, and also joined in and signed instruments -whereby the real estate of the succession of her father was partitioned or exchanged by and between his heirs, including herself. The succession, it appears, was not formally opened.
Because of these related acts of Mrs. Rigdon, it is argued by exceptors, that she unconditionally accepted the succession of Madison Randall Lay and is, therefore, preluded from asserting title to the land, since to do so would amount to a repudiation of his warranty in the deed to Larkin W. Lay, which, as a result of her unconditional acceptance of his succession, she is legally bound to defend.
The position of the exceptors is well founded. Articles of the Civil Code and decisions interpreting them, put the question at rest. See: Civil Code, Articles Nos. 988, 992, 1013, 1423, and 2008; Berry v. Wagner, 151 La. 456, 91 So. 837; Griffing v. Taft, 151 La. 442, 91 So. 832.
But the estoppel does not necessarily extend to defendant, Carver. See: Brian v. Bonvillain, 52 La.Ann. 1794, 28 So. 261; Bayard v. Baldwin Lumber Company, Ltd., 157 La. 994, 103 So. 290.
Plaintiffs argue that Larkin W. Lay in purchasing the property from his brother, Madison Randall Lay, did so in bad faith, because he knew or should have known that one-half interest in the land devolved upon the children of Madison Randall Lay on the death of his wife in 1895.
We find it unnecessary to decide this issue as we are of the opinion the plea of thirty (30) years’ prescription is good as against each plaintiff. Bad faith possession may not be urged successfully against such a plea. Civil Code Article 3499. The basis for such a plea is continuous and uninterrupted possession for the period. It must also be public, unequivocal and under claim of owner. Civil Code Article 3500. It need not be based upon a deed or other written instrument. Civil Code Articles 3503 and 3499.
The testimony discloses that nearly all of this tract of land, during the years gone by, has been cleared of timber and cultivated. That part not so possessed was enclosed for pasture purposes. This ■possession extended back for thirty (30) years and more, prior to the filing of this suit on July 8, 1948. At the time this suit was tried, only the central portion of the tract, some thirty-five (35) acres, was occupied by 'persons claiming through the act of partition, but the lack of present day physical possession of part of the land, does not unfavorably affect the current of the thirty (30) years’ prescription as to the whole. When possession such as -is a predicate of this prescription, has once begun, it may be preserved by external and public signs, reflecting the possessor’s intention to continue his possession, such as the payment of taxes, building roads, etc. Civil Code Article 3501. And, Article No. 3502 reads:
“A man may even retain the civil possession of an estate, sufficient to prescribe, so' long as there remain on it any vestiges of works erected by him; as, for example, the ruins of a house.”
The wife 'of Madison Randall Lay died, as said heretofore, on August 1.1, 1895. Mrs. Rigdon attained the age of twenty-one years not later than August 11, 1916. There elapsed thirty-one years, ten months and twenty-five days from that time until the suit was filed; and nearly the same time to the date of the partition of the eighty (80) acre tract.
Other issues raised relate to the deed from Madison Randall Lay to Larkin W. Lay. Since the importance of this instrument ceases, in view of our decision to predicate judgment upon the plea of prescription of thirty (30) years, we abstain from discussing or passing thereon.
Therefore, for the reasons herein assigned, the judgment from which appealed is affirmed with costs; and pursuant thereto, the defendants, Mrs. May Spillman, Mrs. Ora Holland, Neella Lay, Mrs. Clopha Coffey, Mrs. Agnes Lee and Willie Davidson, are hereby recognized as owners of *838 the East One-Half of the Southeast Quarter (E 1/2 of SE 1/4) of Section Thirteen (13), Township Thirteen (13) North, Range Eight (8) West, in Natchitoches Parish, Louisiana, each in the proportion and to the extent fully described in the act of exchange or partition, dated March 26, 1948, and recorded March 27, 1948, in Conveyance Book No. 205, page 587, of said Parish; the portion allotted to Mrs. Mattie Davis therein having been transferred by her to Mrs. Ora Holland.