BOLIN, Judge.
During the marriage of Calvin Presley Arrant and Florence Arrant, a forty acre tract of land in Ouachita Parish was pur *458 chased in the name of the wife but without any stipulation therein as to it becoming her separate property. Mr. Arrant died intestate in 1930 and his wife died in 1959. The plaintiffs in the present suit are eight of the eleven children born of the marriage of Calvin and Florence Arrant. They have instituted this action principally against their brother, Emmett Arrant, to annul a purported sale to Emmett of the entire forty acre tract by the mother during the year 1939. The plaintiffs assert the deed from their mother to Emmett Arrant was null and void because the property was acquired during the marriage of their father and mother, and was thereby community property and the mother could only convey title to an undivided one-half interest therein. Subsequent to his acquisition of the property, Emmett conveyed one acre thereof to his son, J. B- Arrant. The plaintiffs have, therefore, made him a party defendant and ask that this transfer be set aside also.
The defendants filed an exception of no cause of action and a plea of estoppel which were referred to the merits by the trial court. The case then went to trial on the merits, and after all the evidence was adduced, the district judge sustained the plea of estoppel and exception and assigned written reasons for such judgment. We think the judgment of the lower court was erroneous, and in order to justify our decision, we feel it appropriate to briefly outline certain facts as reflected by our examination of the record.
The judgment sustaining the exceptions was apparently based on a finding that the plaintiffs had accepted the succession of their mother and father by instituting this action for the recovery of the property; that having thus accepted unconditionally the succession they thereby warranted the title of the property that was conveyed in the deed from their mother to the defendant, Emmett Arrant. Our esteemed brother below stated in his reasons for judgment that the case of Griffing v. Taft, 1922, 151 La. 442, 91 So. 832, 836, was controlling on this point. An examination of the cited case shows it did enunciate and .reaffirm the general principle that the institution of a suit claiming title to property by inheritance from a deceased person is an unconditional acceptance of such succession. That case held on rehearing as follows :
“ * * * Therefore the plaintiff in a suit claiming title to property by inheritance from a deceased person, and thereby manifesting the intention of accepting unconditionally the succession of the deceased person, has no ■right of action to recover the property if his deceased ancestor, in disposing of the property, obligated himself to warrant and defend the title. Walker v. Fort, 3 La. 535; Stokes v. Shackleford, 12 La. 170; Smith v. Elliott, 9 Rob. 3; Gusman v. Berryman, Man. Unrep.Cas. 199; McQueen v. Sandel, 15 La.Ann. 140; Sevier v. Gordon, 29 La.Ann. 440; Chevalley v. Pettit, 115 La. 407, 39 South. 113; Cochran v. Gulf Refining Co., 139 La. 1010, 72 South. 718; Berry v. Wagner, No. 22933, (La.) [151 La. 456] 91 South. 837, decided to-day.”
However, we feel the lower court was in error in applying the holding of the above case to the facts of the instant case. The plaintiffs’ petition clearly shows the parties were only asserting title to the undivided one-half interest in the property which was left by their father. While it is true the pleadings do contain certain conclusions that the deed from their mother to Emmett was “null and void”, a reading of the pleadings in their entirety clearly indicates the plaintiffs were seeking only to be declared as owners in indivisión with the defendant of their father’s undivided one-half interest in the property. Under these circumstances, the case relied on by the lower court has no application in that these *459 plaintiffs are not instituting an action to recover any property which belonged to their mother at her death.
 The defendants additionally contend the plaintiffs tacitly accepted the succession of their mother by taking possession of certain movable property after her death which constituted an unconditional acceptance of her succession and thereby bound them under the warranty clause in the deed in question. In support of this contention, we are cited to the following cases: Cook v. Martin, 1938, 188 La. 1063, 178 So. 881; Rigdon v. Holland, La.App. 2 Cir., 1951, 50 So.2d 835, rehearing denied; Addison v. Kirby Lumber Company, La.App. 1 Cir., 1941, 3 So.2d 199. An examination of the cited cases convinces us they are all readily distinguishable from the instant case. The evidence shows Mrs. Arrant remained on the subject property and lived with the defendant, Emmett Arrant, for a number of years immediately following the purported sale to him. However, for at least three years immediately preceding her death, she moved and rented a small house near some of the plaintiffs and was a recipient of welfare grants from the State of Louisiana. At her death, she had no worldly possessions except some old and rather worthless items of furniture and personal belongings. The defendants went to great lengths during the trial below in an effort to show the plaintiffs took possession of these personal belongings upon her death and thereby unconditionally accepted her succession. We are not impressed by this testimony for several reasons. First and foremost, because such evidence was very indefinite. For example, one of defendants’ own witnesses testified the only objects in the rented house at the time of Mrs. Arrant’s death were an old bedstead, rocking chair, a clock and a dilapidated dresser. Under these circumstances, it logically follows the children would remove such inconsequential items from the rented house in order to vacate same and stop payment of rent. In order for such actions to be classified as a tacit acceptance of the succession they must show an "intention to accept” according to LSA-Civil Code Article 988. Also see Anderson v. Cox, 6 La.Ann. 9; Mumford v. Bowman, 26 La.Ann. 413; Griffin v. Burris, 1902, 109 La. 216, 33 So. 201; Pelican Well Tool & Supply Co., Inc. v. Sebastian, 1947, 212 La. 217, 31 So.2d 745.
In an amended petition, the plaintiffs alleged that the defendant, Emmett Arrant, had executed an oil and gas lease on the entire forty acres in 1945, from which he had received bonuses and delay rentals in the total sum of $500. The plaintiffs, therefore, prayed for a moneyed judgment in their favor for eight-elevenths of this total amount. The defendants urge that a suit for this money under the lease also was a tacit acceptance of the entire succession. We find no merit in this contention. Plaintiffs have not asserted title to any property owned by their mother under this demand, but it is only a money demand. At the time the lease was granted in 1945, it is conceded that Emmett had title to his mother’s portion of the land and the plaintiffs were entitled to sue for any money he had received from an oil and gas lease on their father’s undivided portion. It is common in all money demands to pray for a sum in excess of that actually due.
There were several other issues presented in the lower court which we do not feel should be decided on this appeal. For example, there was evidence offered by the defendants as to certain expenditures made by them in order to improve the property. There was also an alternative demand in the defendants’ answer that in the event the various sales were declared nullities, the defendant, Emmett Arrant, desired the property be partitioned either in kind or by licitation.
While we realize the case was fully tried on its merits, the only judgment rendered by the lower court was to sustain the exception of no cause of action and the plea of estoppel. Therefore, the only matter before us on appeal is the correctness *460 of this ruling. For the reasons stated herein, we feel the judgment of the lower court was erroneous and the exceptions should now be overruled and the case remanded to the lower court in order that it may be disposed of on its merits. As to whether the property should be partitioned in kind or by licitation, and in the event of such partition, what effect the improvements made by certain defendants would have, etc., are matters not before us on appeal. While this court probably could decide all of these issues, we feel the case could better be decided on its merit by the lower court.
The judgment of the lower court is, therefore, reversed and set aside, and the exception of no cause of action and the plea of estoppel are overruled and the case is remanded to the Honorable Fourth Judicial District Court, in and for the Parish of Ouachita for a decision on its merits, and for any other proceedings deemed advisable and appropriate by the district court which are not inconsistent with law or this opinion.
The costs of this appeal are taxed against appellees, all other costs to await a decision on the merits.
Reversed and remanded.