No. 1402.—REDELIA KELLAR *v.* MRS. M. L. H. BLANCHARD.

A transfer of a lease by the executrix of an estate is null.

Where a sale of a lease, owned by a succession, has been judicially declared to be null, the property in the lease reverts to the estate.

The surviving wife, being a partner in community, is competent to purchase property at probate sale, which she administers as executrix. Acts of 1855, page 78, section 8.

A sheriff may cause a deed to be made and attested by any of his legally qualified deputies, and when so made and attested it has the same validity as though it were made and attested by the sheriff.

The possibility that a purchaser may be compelled to bring a suit at law to gain possession of the thing purchased does not constitute it a litigious right.

APPEAL from the Third District Court of New Orleans, *Fellowes, J. J. P. Hornor*, for plaintiff and appellee. *E. Rawle* and *A. & M. Voorhies*, for defendant and appellant.

TALIAFERRO, J. The plaintiff, averring herself to be the assignee of certain claims from Theresa Smelser against the defendant, brings this suit to recover them. She claims eight hundred and four dollars and seventy-three cents, with interest, arising from a contract of lease originally entered into between the defendant and Levi Smelser, the husband of the plaintiff's assignor. She also claims four thousand three hundred and sixty-seven dollars and sixty-eight cents, with interest on portions of that amount from different periods, the estimated value of certain buildings erected by Levi Smelser for the defendant on three several lots of ground owned by her, and situated on Tchoupitoulas street, in the city of New Orleans. The answer of the defendant is a general denial. The plaintiff had judgment in the court below, and the defendant presents this appeal.

Redelia Kellar v. Mrs. M. L. H. Blanchard.

The facts seem to be these : In January, 1853, Levi Smelser leased from the defendant the lots of ground referred to for a term to expire on the first of November, 1860. He was to pay one thousand eight hundred dollars per year, and to make payments for each month successively. It was likewise agreed, that during the lease, Smelser was to build, at his own expense, one or more houses upon the lots, according to plans and specifications that might be agreed upon by the parties; that at the expiration of the lease the defendant was to pay to the builder the value of the buildings so to be erected, a portion in cash and the remainder in several installments falling due at different periods. The parties stipulated that the value of the buildings should be ascertained by an appraisment to be made by experts, or, as they termed them, arbitrators; each party to select one, and the two arbitrators to choose one umpire.

In May 1855, Smelser died, but previous to his decease, he completed his engagement to build the houses he had contracted for with the defendant. He died without descendants, left a will by which he bequeathed a portion of his estate to his mother, and another to his wife, whom he appointed his executrix. She qualified in that capacity, and caused the usual mortuary proceedings to be taken. The estate seems to have been considerably burdened with debts, and badly administered. Among those interested in the succession much litigation occurred.

As bearing more especially upon the points in controversy in this case, it will be proper to notice more particularly the facts connected with two events that grew out of the administration of the estate, viz : the sale of the lease which expired on the first of November, 1860, and the sale of the interest in the buildings erected by Smelser on the lots of the defendant. Upon the application of the executrix, filed on the twentieth of September, 1855, setting forth that previous sales of property of the succession had failed to realize sufficient funds to pay debts, an order was rendered on the following day for the sale of the lease. On the eleventh of December, of the same year, on a rule taken against the executrix by Todd & Co., creditors of the estate, an order of sale was rendered on the fourteenth of that month for sale of property of the succession to discharge their debt. The order of sale was directed to Beard, an auctioneer, who, after the usual advertisements, made sale of the lease on the twenty-ninth of December, 1855. The defendant purchased it at the price of one dollar. The executrix brought suit in November, 1857, to annul this sale. A judgment pronouncing its nullity was rendered on the twentieth of December, 1858, and this judgment, with a slight modification, was confirmed on appeal to this court in April, 1860. See 15 A. page 254.

The defendant went into possession of the leased premises under the sale made on the twenty-ninth of December, 1855, and retained possession until the lease expired by its limitation in November, 1860. As

the value of the lease had increased after the erection of the buildings by Smelser, the court awarded the plaintiff the sum of eight hundred and four dollars and seventy-three cents, being the excess in value in favor of the estate over the amount it was bound for to the defendant under the original contract. On the application of Dunham, one of the creditors of the succession, an order of sale of property of the succession was rendered on the twenty-seventh of June, 1857, and under this order, the only remaining asset, as it seems, of the succession, its interest in the buildings erected on the defendant's lots, was sold on the eleventh of September following, and Mrs. Smelser, the executrix, in her individual capacity, became the purchaser. It was adjudicated to her at the price of sixteen hundred dollars, and retaining in her hands nine hundred and sixty-seven dollars and thirty cents. She executed a twelve months' bond for the remainder, Mrs. Kellar, the plaintiff in this suit, being her surety on the bond. This bond was assigned by the sheriff to Mrs. Kellar on the twenty-sixth of September, 1857, she, as is averred in argument, having paid it. To all her rights acquired by the sale made on the eleventh of September, 1857, Mrs. Smelser substituted Mrs. Kellar by a written act, dated twenty-second of November, 1858, transfering to her all the interest of the succession in the buildings erected on the defendant's lots, and subrogating her "to a certain suit pending against Mrs. Blanchard and husband, being No. 1339, of the docket of the Second District Court of New Orleans, and to all the advantages, sum or sums of money that may be had, obtained or gotten by reason or means of any judgment or proceedings to be had thereupon." This clause in the act of transfer refers to the suit then pending, to annul the sale by virtue of which the defendant had acquired title to the unexpired portion of time the lease had to run.

The ground taken by the defense is, that by none of these proceedings did the executrix, in her individual capacity, acquire any title to the rights she pretends to have transferred, and consequently that the plaintiff, as her transferee, stands in the same attitude. It is argued that the proceedings were illegal and null; that the sales under which the plaintiff holds were made under writs of *fieri facias*, a proceeding unknown to the law in the sale of succession property; that admitting the estate had rights against the defendant, these rights have not been divested, and therefore, that the estate not being a party to this suit, would not be concluded by a judgment rendered in favor of the plaintiff against the defendant, and that the transaction between the executrix and plaintiff, was the transfer of a litigious right entitling the latter to recover only the amount she paid, if entitled to recover at all.

An examination of the record satisfies us that there is error in the judgment of the court below in decreeing the defendant to pay the plaintiff the amount ascertained to be due under the contract of lease. At the time of the transfer of Mrs. Smelser to plaintiff, he had no right to the interest of the estate in the lease, and consequently conveyed

Redelia Kellar v. Mrs. M. L. H. Blanchard.

none to the plaintiff. On the contrary, at that time a suit was pending in her name as executrix, to annul the sale invoked by creditors, at which the defendant had purchased the lease and was in possession of the premises subject to its decision. By the annulment of that sale the rights under the lease reverted to the estate, and we do not find that they were subsequently acquired by Mrs. Smelser or any other party.

The assignment by the same act of transfer of the rights and interest of the estate in the three brick buildings erected by Smelser on the defendant's lots stands on a firmer foundation. On the seventh of April, 1857, Dunham, a creditor, obtained judgment against the succession for five hundred dollars with interest. On the fourth of June, 1857, he took a rule on the executrix to show cause why property of the estate should not be sold to pay this judgment, and on the twenty-ninth of the same month the rule was made absolute, ordering property of the estate to be sold to pay the judgment. Upon this order of court the *fieri facias* or authority to the sheriff to make the sale issued. The interest of the estate in the buildings spoken of was seized, and after the usual notices and advertisements was sold. All the proceedings seem to have been regular, and all the formalities required in the sale of succession property under the like circumstances to have been observed. The executrix was the surviving partner in the community that existed between her and her husband, and had the right to purchase the property. Acts of 1855, page 78, section 8.

Before answering to the merits, the defendant excepted to the action denying that plaintiff was, as she alleged herself to be, separate in property from her husband. The exception was properly overruled. The fact of separation in property was fully proved on the trial of the exception, by the marriage contract between the husband and wife, and by a judgment of the wife against her husband to recover her paraphernal property.

The defendant reserved a bill of exceptions to the admission in evidence by the court, of the sheriff's deed to Mrs. Smelser, dated the eleventh of September, 1857, on the ground that the act was signed not by the sheriff as required by law, but by Blossman, a deputy sheriff. This objection is without weight. The law provides for the appointment of deputy sheriffs. It is made the duty of each sheriff or deputy to execute all writs, orders and process of the court or judge thereof that may issue to them directed. Revised Statutes, p. 524, sections 5 and 6. *Qui facit peralium facit per se.*.

It is contended on behalf of the defense that the appointment and proceedings of the experts to appraise the value of the buildings were irregular and of no legal force. Esterbrook and Gott, it appears, were selected to make the estimate. The former was chosen, as he states in his testimony taken under commission, "by Mrs. Blanchard, through her husband, A. G. Blanchard." The latter was selected by the plaintiff. They agreed in the estimate made, and no umpire was therefore chosen.

6

The objection that three experts did not act has no force. No necessity existed for an umpire. It does not appear that the experts acted under oath, or that they were required by the parties to be sworn. Neither to the introduction in evidence of the certificate of the appraisers signed by them, nor to the testimony of one of them regarding his appointment was there any objection made on the trial of the case. No attempt was made by defendant to show that the appraisement was not fairly made, or that the valuation was too high. .

For the defendant, it is further held, that the assignment of the supposed rights of Mrs. Smelser was, in fact, a litigious right. We do not so regard it. The estate of Smelser clearly had under the contract an interest in the buildings erected by him on the lots of the defendant. That interest, whatever it might be worth, was sold by an order of a competent tribunal to raise means wherewith to pay debts of the succession, and it was bought by the widow of the deceased. This sale, as to Mrs. Blanchard, was *res inter alias acta.* It was of no moment to her whether the thing sold brought much or little. As between her and the estate or its assignee, the value of the interest of the estate in the buildings was to be fixed by the mode provided by the contract, the law established by the parties for themselves, that is, by an appraisement to be made by experts to be appointed by themselves. No litigation whatever existed in relation to the right sold at the time it was transferred to the plaintiff. She acquired it, and might, for all she knew, realize its value without litigation. The possibility that a suit at law might be necessary to enforce the claim, does not constitute it a litigious right. We consider the interest of the estate in the buildings and the lease of the property as two distinct things. They are not complicated in the suit to annul the sale of the lease. We have already said, that in our opinion, the subrogation of the plaintiff to all the rights of Mrs. Smelser in the action of nullity, then pending, conveyed no right to the plaintiff. It is therefore unnecessary to determine whether the subrogation amounted to the transfer of a litigious right or not. But if it were a litigious right, the fact of its transfer being made in the same act with the transfer of the interest in the buildings, by no means affects the validity of the latter. *Utile per inutile non vitiatur*

It may be remarked that all the evidence introduced in support of the plaintiff's claims, with the single exception of the sheriff's deed, already noticed, was received without objection by the defendant. We conclude, that with some modification, the judgment should be maintained.

. It is therefore ordered, adjudged and decreed that the judgment of the district court, so far as it decrees the defendant to pay the plaintiff the sum of eight hundred and four dollars and seventy-three cents, with interest specified, be annulled, avoided and reversed, and that in all other respects it be confirmed, reserving to the estate any rights it may have against the defendant growing out of the contract of lease.

It is further ordered that defendant and appellant pay the costs in the lower court, the plaintiff and appellee to pay the costs of the appeal.

Rehearing refused.