LAND, J.
This is a petitory action brought by the heirs of Nancy Holdiness and Abe Isaac Jackson Wilkinson to recover from the widow and heirs of George H. Spann, deceased, and others, in whole or in part, the following described land situated in the parish of Rich-land, state of Louisiana, to wit, fractional E. ½ of N. E. ¼, S. W. ¼ of N. E. ¼, fractional N. ½ of S. E. ¼, and S. ½ of S. E. ¼ in the bend of Boeuf river, section 8; fractional N. W. ¼ of N. W. ¼, section 9, west of Boeuf river, township 16 north, range 6 east, containing, according to government survey, 214.18 acres.-
*1022 Plaintiffs also' seek to have two oil and gas leases placed on this land by the defendants, and now claimed by the Southern Carbon Company, canceled and erased from the public records, and to have the property awarded to them free from these leases.
Plaintiffs claim to be the true and lawful owners of all of the fractional N. W. ¼ of N. W. ¼ of section 9, and the N. W. ¼ of S. E. ¼ of section 8; an undivided ½ interest in and to S. ½ of S. E. ¼ in the bend of Boeuf river, section 8; and a seven-sixteenths interest in all the other property.
Three sets of answers and amended answers have been filed by Fannie Spann and the heirs of George H. Spann, by the Southern Carbon Company, and by J. C. Roberts, George W. Zeigan, J. W. Smith, and R. L. Kellogg, called in warranty, and many grounds have been urged as reasons why plaintiffs cannot recover.
’ Judgment was rendered in the lower court decreeing the defendants Fannie Spann, Alex Sheppard (Spann),' Eliza Spann Mitchell, Emma Spann Sneed, and Sarah Spann Hendricks to be the owners in fee of all of the land herein claimed by plaintiffs, and the Southern Carbon Company to be the owner of the oil, gas, and mineral lease covering said property.
From this judgment plaintiffs have appealed.
It is admitted in the stipulation of facts in the record:
1.That Thomas A. Wilkinson acquired all of the lands in dispute under patents from the state of Louisiana, except the S. ½ of S. E. ¼ of section 8, township 16 north, range 6 east, which was acquired under patent from the United States government by Sarah D. Wilkinson, wife of Thomas A. Wilkinson, and that all of this property belonged to the community existing between them.
2. That Thomas A. Wilkinson died in Rich-land parish in 1871 intestate, and that Sarah D. Wilkinson ,died in that parish intestate between the year, 1888, and September, 1902.
3. That the only children born to Thomas A. Wilkinson and Sarah D. Wilkinson were Samantha Wilkinson, the wife of A. J. Turberville, and Isaac J. Wilkinson.
4. That Samantha Wilkinson Turberville died intestate and without descendants in the parish of Richland in 1875, and that Isaac J. Wilkinson died intestate in that parish about August 23, 1887, leaving a minor’ son, Abe Isaac Jackson Wilkinson, and a surviving widow, Nancy Thompson Wilkinson. That Abe Isaac Jackson Wilkinson died in September, 1902, during his minority.'
5. That Nancy Thompson Wilkinson, after the death of Isaac J. Wilkinson, her first husband, married Thomas Holdiness. That petitioners Mrs. Fannie Holdiness Foster, wife of Irvin G. Foster, Mrs. Tommie Holdiness Rushing, wife of G. D. Rushing, and John Holdiness are the children born of the second marriage. And that ’Mrs. Nancy Holdiness died intestate in Richland parish October 30, 1927.
It appears, therefore, that petitioners are the half-sisters and half-brother of Abe Isaae Jackson Wilkinson, son of Isaac Jackson Wilkinson, son of Thomas A. Wilkinson and Sarah V. Wilkinson, who acquired all of the lands in dispute under patents from the state of Louisiana and the United States.
■ Under the state of facts admitted, Mrs. Sarah D. Wilkinson, at the death of her daughter, Samantha Wilkinson Turberville, in the year 1875, inherited % of decedent’s ty, interest in the property, or %6, which, added to her y2 interest as surviving widow in community of Thomas A. Wilkinson, vested in- *1024 her %6 interest in the entire property at that date.'
Isaac Jackson Wilkinson, at the death of his sister Samantha Wilkinson Turberville in 1875, inherited % of her % interest in the property, or %6, which, added to his % interest as the heir of his father, vested in him interest in the entire property at that date.
November 16, 1888, Mrs. Sarah D. Wilkinson sold to Mrs. Elizabeth Lusk by authentic act: “All the right, title and interest of her, the said Mrs. Sarah D. Wilkinson, the vendor herein to the N. E. % and N. E. % of S. E. % and that part of S. y2 of S. E. %, East of the River and fractional N. E. % of N. W. % in Section 8. Also S. W. % of N. W. %, Section 9, and S. % of S. E. % of Section 5, All in T. 16 N., R. 6 East containing 331 acres more or less.”
July 31, 1888, Mrs. Nancy Wilkinson, as administratrix of the succession of Isaac J. Wilkinson, caused to be sold to pay debts, and purchased individually at the sale, the interest of her late husband in the following described property, to wit: “S. E. % of S. E. i/4, all N. E. % Sec. 8 West of Boeuf River, N. E. 14 of N. W. 14 Sec. 8, and fractional N. W. % of N. W. % See. 9, T. 16 N., R. 6 East containing in all about 333 acres more or less.”
December 1, 1890, Mrs. Nancy Holdiness and Mrs. Elizabeth Lusk entered into a conventional partition by public act of the property in dispute.
Appearers declared in this act that they were “the joint owners of the Wilkinson place situated in the Parish of Richland, State of Louisiana, to-wit: The Northeast quarter & Northeast quarter of S. E. 14 & that part of S. y2 of S. E. 14 East of the River and Eraet. N. E. 14 of N. W. J4 in Section 8. Also S. W. % of N. W. % Sec. 9 & S. y2 of S. E. % Sec. 5, all in To. 16 N., R. 6 East, containing 331 acres more or less.”
In the act of partition Mrs. Elizabeth Lusk relinquished and conveyed to Mrs. Nancy Holdiness “all of her right, title and interest in and to the S. y2 of S. E. % Section 5, N. W. % of N. E. U & Eract. N. E. % of N. W. % North of Boeuf River, Sec. 8, all in T. 16 N., It. 6 East”; and Mrs. Nancy Holdiness relinquished and conveyed to Mrs. Elizabeth Lusk “all of her right, title and interest in and to the balance of the said Wilkinson plantation, more particularly described as follows, to-wit: The East half of Northeast quarter, Southwest quarter of Northeast quarter, Northeast quarter of Southeast quarter and that part of South half of Southeast quarter East of the River, Sec. 8. Also S. W. % of N. W. % Section 9, all in T. 16 N., R. 6 East.”
The property conveyed by Mrs. Holdiness to Mrs. Elizabeth Lusk in the act of partition is the property in dispute in this case, the title to which was decreed by the lower court to be in the defendants, the widow and heirs of George H. Spann.
December 1, 1890, the same day the partition between Mrs. Holdiness and Mrs. Lusk was effected, Mrs. Lusk sold to Alex Sheppard and George H. Spann an undivided half interest each in: “The E. y2 of N. E. 14, N, E. % of S. E. y, and that part of S. y2 of S. E. 14 East of River Sec. 8, also S. W. % of N. W. % Sec. 9, all in T. 16 N„ R. 6 East.”
Defendants the widow and heirs of George H. Spann derive title from Alex Sheppard and George H. Spann, who acquired by mesne conveyances nine-sixteenths interest in the property through Sarah D. Wilkinson, and seven-sixteenths interest through the succession of her son, Isaac J. Wilkinson.
*1026 The following written agreement has been filed in the record: “In this case, it is agreed by counsel representing J. C. Roberts, individually, and representing J. O. Roberts, George W. Zeigan, J. W. Smith and R. L. Kellogg, warrantors and the defendants, Spann iheirs, that in the event this court affirms the judgment of the District Court in whole or in part, that the judgment of that court shall be recast or amended so as to insert the name of Alex Spann for the name of Alex Sheppard, and that the Spann heirs then be decreed to be the owners of nineteen-twentieths of whatever is recovered and that J. O. Roberts be decreed to be the owner of one-twentieth of whatever is recovered.”
“Respectfully' Submitted,
“[Signed] Green & Farmer,
“Attorneys for Fannie Spann et al.
“[Signed] Theus, Grisham, Davis & Leigh “Attorneys for J. C. Roberts and » Warrantors.”
Plaintiffs attack as null and void the sale made by Mrs. Nancy Wilkinson to herself individually, while administratrix of the succession of her late husband, of the seven-sixteenths interest in this property inherited by Isaac J. Wilkinson from Thomas A. Wilkinson.
In the stipulation of facts agreed on in this case, it is admitted that: “The community of acquets and gains existed between Nancy Wilkinson and Isaac J. Wilkinson, but the property title to the whole, of a portion of which, and an undivided interest in portions of which is involved in this litigation was the separate property of Isaac J. Wilkinson at his death.” Tr. vol. 2, p. 263.
It is well settled that the surviving partner in community, when administering the separate estate of his or her deceased spouse, may purchase at his or her own sale.
As said in Fontenot v. Fontenot, 157 La. 520, 102 So. 590, 593: “It is the fact that the administratrix is the surviving mdow in community that gives her the right to purchase, and not whether the property purchased belonged to the community of which she was a member, or to the separate estate of her husband, or to another community involved in the administration of his succession, of which he had also been head and master.” See also Fisette v. Taylor, 167 La. 1110, 120 So. 872 ; Kellar v. Blanchard, 21 La. Ann. 38 ; Aicard v. Daly, 7 La. Ann. 612.
Plaintiffs also contend that the sale made by the administratrix to herself individually was an absolute nullity, on the ground that the only sale the administratrix could have provoked was for partition, citing article 1135 of the Revised Civil Code.
It is provided in this article that: “If the deceased was in community or partnership with any one who has survived him, the curator of the vacant succession or of absent heirs is bound, immediately after his appointment, to sue for a partition, in order that the part which belonged to the deceased in the community or partnership property, be ascertained.”
In commenting on this article in Succession of Bauman, 167 La. 300, 119 So. 54, 56, this court said:
“The provision is wholly inapplicable to the instant case. The declared purpose for which an action for partition must be brought is to liquidate the community or the partnership, in order to ascertain the part of the community or partnership that belonged to the deceased.
“In the instant case there was no community and no partnership to liquidate. The property was owned in common, and the interest * * * of Mrs. Bauman teas deft• *1028 nitely fixed. It did not have to be ascertained by a partition.
“The other authorities cited go no further than to hold that an administratrix or an executor may sue for a partition of the property of a partnership of which the deceased was a. member.
“None of the authorities cited, and none that we have been able to find, go to the extent of holding that a partition of property held in common, with well-defined proportionate interests, must be sued for by the succession representative, and that a sale of the interest owned by the succession cannot be made in order to pay the debts of the succession.”
Under the admitted facts in this case, the interest of Isaac J. Wilkinson in the common property, as heir of Thomas A. Wilkinson, his late father, and as heir of Samantha Wilkinson, his deceased sister, is unquestionably seven-sixteenths. There can be no dispute nor quibble as to the extent of this interest, under the facts of the case. .
In the inventory in the succession of Isaac J. Wilkinson, his interest in the common property is fixed at seven-sixteenths, and this interest was ordered sold by the lower court to pay debts.
The plaintiffs themselves claim this seven-sixteenths interest in the common property in this suit, as the heirs of Isaac J. Wilkinson and of Abe Isaac Jackson Wilkinson, the son of the decedent.
We find no merit in plaintiffs’ contention that a sale to effect a partition should have been made in this case in order to ascertain the interest of Isaac J. Wilkinson in the common property.
Plaintiffs have also attacked the partition between Mrs. Holdiness and Mrs. Lusk Upon several grounds, to wit:
1. That the seven-sixteenths interest of Isaac J. Wilkinson in the property was never disposed of by him nor by any one legally authorized to represent him.
2. That the N. W. Vi of N. W. Vi of section 9 and the fractional N. W- Vi of S. E. Vi of section 8, township 16 north, range 6 east, were omitted from the act of partition.
The first ground of attack is without merit, as Mrs. Nancy Wilkinson obtained a valid title to the seven-sixteenths interest of Isaac J. Wilkinson at succession sale.
The “Wilkinson Place” was composed of the following described lands:
S. Vs. of S. E. Vi of section 5,
N. Vs of N. E. Vi of section 8,
N. Vs of N. W. Vi of section 8, north of Boeuf river,
S. Vs of N. E. Vi of section 8, in the.bend of Boeuf river,
Fractional N. E. Vi of S. E. Vi of section 8 in the bend of Boeuf river,
S. Vs of S. E. Vi of section 8 in the bend of Boeuf river,
Fractional N. W. Vi of N. W. Vi of section 9,
All in township 16 north range 6 east.
It is admitted that the “Wilkinson Place” was composed of the lands just described, as shown by reference to the stipulation of facts and map colored in yellow and red crayon, which is attached thereto. Tr. vol. 2, p. 266.
All of the lands received by Mrs. Holdiness in the act of partition are colored in yellow, and are -located in sections 5 and 8 in one body.
All of the lands received by Mrs. Lusk are colored in red, and are located in one body.
The fractional N. W. Vi of N. W. Vi of section 9 is omitted in the description of lands *1030 received by Mrs. Lusk in tbe act of partition, but there is contained in this description “8. W. Yk of N. W. %” of section 9.
A 53.50-aere tract, properly described as fractional N. E. Yk of S. E. Y, is designated as N. E. Yk of S. E. % of section 8 in the description of lands allotted to Mrs. Lusk in the act of partition.
It is admitted that Nancy Holdiness, after the partition of December 1, 1890, with Mrs. Elizabeth Lusk, took possession of the lands allotted to her in the partition, and that she has used, possessed, rented, farmed, mortgaged, and sold leases and rights of way on the land allotted to her in the partition. Tr. vol. 2, p. 264.
The.lease from Mrs. Nancy Holdiness to Rayville-Richland Oil, Gas & Pipe Line Company is of date December 13, 1916.
The lease from Mrs. Nancy Holdiness, and the plaintiffs John Holdiness, Mrs. I. G. Foster, and Mrs. Tommie May Rushing to the Louisiana Petroleum Corporation is of date July 15,1926.
Mrs. Nancy Holdiness died October 30, 1927. On February 12, 1929, after her death, the plaintiffs John Holdiness, Mrs. I. G. Foster, and Mrs. Tommie M. Rushing, the heirs of Mrs. Nancy Holdiness, entered into a lease with the Palmer Oil Corporation of Louisiana, covering S. % of S. E. % of section 5; N. W. % of N. E. Yk and fractional N. E. Yk of N. W. Yk north of Boeuf river in section 8, all in township 16 north, range 6 east.
Thed lands leased by plaintiffs were received by Mrs. Nancy Holdiness, their mother, in the act of partition with Mrs. Elizabeth Lusk. Plaintiffs received for this lease the sum of |1,400 cash. This was beyond question a tacit and unconditional acceptance of their mother’s succession. Rev. Civ. Code, arts. 988, 992, 994, 999, 1002.
[4] Besides, by filing this suit as the heirs of Nancy Holdiness, plaintiffs have unconditionally accepted her succession.
As said in Griffing v. Taft, 151 La. 452, 91 So. 832, 836: “The institution of a suit claiming title to property by inheritance from a deceased person is an unconditional acceptance of his succession. Rev. Civ. Code, art. 988 ; McQueen v. Sandel, 15 La. Ann. 140 ; Brashear v. Conner, 29 La. Ann. 347 ; Sevier v. Gordon, 29 La. Ann. 440 ; McCall v. Irion, 41 La. Ann. 1126, 6 So. 845 ; Heirs of Ledoux v. Lavedan, on rehearing, 52 La. Ann. 354, 27 So. 196.”
Defendants contend that the unconditional acceptance by plaintiffs of the succession of their mother, Mrs. Holdiness, deprives them of a right of action to attack the title of Mrs. Lusk, which their mother, if she were living, would be obliged to defend.
In Berry v. Wagner, 151 La. 472, 91 So. 837, 843, we held that: “An heir who, after arriving at the age of majority, either expressly or tacitly accepts the succession unconditionally, that is, without the benefit of inventory, thereby binds himself for the debts or obligations of the deceased person, the same as if he himself had contracted them. Rev. Civ. Code, arts. 1013 and 1423. Among the obligations for which an unconditional heir is liable is the obligation of warranty, on the part of the deceased person, to defend a title which he has conveyed.” (Citing numerous authorities)
In an act of partition, each party thereto warrants to the other the interest in the property conveyed by him, whether reference be made to warranty or not. Rev. Civ. Code, arts. 1384, 1385, 1387.
Plaintiffs are clearly estopped from claiming any of the property conveyed by their mother to Elizabeth Lusk in the act of partition.
*1032 Mrs. Nancy Holdiness conveyed to Mrs. Lusk in the act of partition “the balance of said Wilkinson plantation.” Thomas A. Wilkinson established his slave quarters on the N. W. % of N. W. % of section 9, west of Boeuf river, soon after he acquired it from the state, and, after the abolition of slavery, he continued to use these same slave cabins as tenant houses. In other words, the N. W. 14 of N. W. Vi of section 9 was a well-known part of “the Wilkinson Plantation,” and is included in “the balance of said Wilkinson plantation” received by Mrs. Lusk in the act of partition.
Elizabeth Lusk delivered this same land to Alex Sheppard and George H. Spann, her vendees, and they and their families at once moved into these same log cabins that had been built by Thomas A. Wilkinson some time prior to the Civil War.
The fractional N. % of S. E. % of section 8 is admitted to he a part of the “Wilkinson Plantation,” and was necessarily included “in the bwlanee of the said Wilkinson plantation,” received by Mrs. Lusk in the partition between Mrs. Holdiness and herself.
The parties to the act of. partition were dealing with one plantation, known as “the Wilkinson Plantation.” They were the sole joint owners, as declared in the act of partition. Mrs. Holdiness conveyed to Mrs. Lusk all of her seven-sixteenths interest “m the balance” of the “Wilkinson Plantation,” consisting of all of the lands shown in the sketch marked in red crayon.
The instant ease falls squarely within the ruling made by this court in Erskine Heirs v. Gardiner, 166 La. 1098, 118 So. 453, and the misdescriptions in the act of partition, under the circumstances of the case, do not affect the title of Mrs. Lusk to any of the lands embraced within “the balance of said Wilkinson plantation.”
Mrs. Lusk parted with her entire interest in the Wilkinson Plantation in the sale from her to Sheppard and Spann on December 1, 1890. The title of the defendants, the widow and heirs of George H. Spann, is therefore intact and valid as to the property claimed by plaintiffs in this suit.
In pursuance of the special written agreement filed in the record in this case, it is ordered that the judgment appealed from be amended in the following particulars:
1. So as to insert the name of Alex Spann for the name of Alex Sheppard in the judgment appealed from.
2. So as to decree Fannie Spann, Alex Spann, Eliza Spann Mitchell, Emma Spann Sneed, and Sarah Spann Hendricks to be the owners in fee of nineteen-twentieths interests and J. G. Roberts the owner of one-twentieth interest in the following described land, to wit:
Northwest quarter of northwest quarter (N. W. % of N. W. %.) of section nine (9), west of Boeuf river, containing 14.18 acres, fractional north half of southeast quarter (frac. N. % of S. E. %) or fractional northeast quarter of southeast quarter (frac. N. E. % of S. E. %) in the bend of Boeuf river, containing fifty-three and 50/100 (53.50) acres, the south half of southeast quarter (S. % of S. E. %) in the bend of Boeuf river, containing forty-one (41) acres, northeast quarter of northeast quarter (N. E. % of N. E. %) in the bend of Boeuf river, containing forty (40) acres, the south half of northeast quarter (S. % of N. E. %) in the bend of Boeuf river, containing 65.50 acres, all in section 8 (eight), township sixteen (16) north, range six (6) east, of the Louisiana Meridian.
It is now ordered that the judgment appealed from, as amended, be affirmed.